**The STATE of Ohio, Appellee,**

v.

**MURRAY, Appellant.**

[Cite as *State v. Murray,* 156 Ohio App.3d 219, 2004-Ohio-654.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–030371.

Decided Feb. 13, 2004.

220

Michael K. Allen, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

Herbert E. Freeman, for appellant.

Doan, Presiding Judge.

{¶ 1} Following a jury trial, defendant-appellant, Sonny Murray, was convicted of two counts of felonious assault pursuant to R.C. 2903.11(A)(1) and four counts of felonious assault pursuant to R.C. 2903.11(A)(2), all with accompanying specifications. The state's evidence showed that he had fired gunshots at a van containing a driver and three passengers. Two of the bullets hit the driver, and the van crashed into a pole. The driver and another passenger were seriously injured. Murray now appeals from these convictions.

{¶ 2} Murray presents four assignments of error for review. In his first assignment of error, he contends that the evidence was insufficient to support his convictions and that the convictions were against the manifest weight of the evidence. This assignment of error involves two separate concepts, the sufficiency of the evidence and the weight of the evidence. See *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541; *State v. Ashbrook* (Apr. 30, 1997), 1st Dist. No. C–960535, 1997 WL 208148. We first consider sufficiency.

{¶ 3} Our review of the record shows that the state's evidence, when viewed in a light most favorable to the prosecution, could have convinced a reasonable trier of fact that Murray had knowingly caused serious physical harm to two of the victims. Consequently, the evidence was sufficient to support his convictions for felonious assault pursuant to R.C. 2903.11(A)(1). See *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; *State v. Coach* (May 5, 2000), 1st Dist. No. C–990349, 2000 WL 543801.

{¶ 4} Further, our review of the record shows that the state's evidence, when viewed in a light most favorable to the prosecution, could have convinced a reasonable trier of fact that Murray had knowingly attempted to cause harm to four victims by means of a deadly weapon or dangerous ordnance. Consequently, the evidence was sufficient to support his convictions for felonious assault pursuant to R.C. 2903.11(A)(2). See *Jenks,* supra, at paragraph two of the syllabus; *Coach,* supra; *State v. Jordan* (Nov. 25, 1998), 8th Dist. No. 73364, 1998 WL 827588.

{¶ 5} Even if the evidence is sufficient to support a conviction, an appellate court may still reverse the conviction and remand for a retrial if it concludes that the conviction is against the manifest weight of the evidence. *Thompkins,* supra, 78 Ohio St.3d at 387, 678 N.E.2d 541; *Ashbrook,* supra. Nevertheless, after reviewing the evidence in this case, we cannot hold that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Murray's convictions and order a new trial. Therefore, the convictions were not against the manifest weight of the evidence. See *Thompkins,* supra, 78 Ohio St.3d at 387–388, 678 N.E.2d 541; *State v. Allen* (1990), 69

Ohio App.3d 366, 374, 590 N.E.2d 1272. We overrule Murray's first assignment of error.

{¶ 6} In his second assignment of error, Murray contends that the trial court erred in allowing the state to use a peremptory challenge to exclude from the jury panel the only African–American member. He argues that the state's reasons for excluding that juror were pretextual. This assignment of error is not well taken.

{¶ 7} In *Batson v. Kentucky* (1986), 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69, the United States Supreme Court held that the Equal Protection Clause of the United States Constitution precludes purposeful discrimination by the state in the exercise of its peremptory challenges so as to exclude members of minority groups from petit juries. *State v. O'Neal* (2000), 87 Ohio St.3d 402, 409, 721 N.E.2d 73. See, also, *Powers v. Ohio* (1991), 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411. *Batson* established a three-step procedure for evaluating claims of racial discrimination in the use of peremptory challenges. *State v. White* (1999), 85 Ohio St.3d 433, 436, 709 N.E.2d 140.

{¶ 8} First, the opponent of a peremptory strike must make a prima facie showing of discrimination. Second, the proponent of the strike must give a race-neutral explanation for the strike. *State v. Herring* (2002), 94 Ohio St.3d 246, 255–256, 762 N.E.2d 940; *White*, supra, 85 Ohio St.3d at 436, 709 N.E.2d 140. The explanation need not rise to the level justifying the exercise of a challenge for cause. *O'Neal*, supra, 87 Ohio St.3d at 409, 721 N.E.2d 73; *White*, supra, 85 Ohio St.3d at 437, 709 N.E.2d 140. The state's reason is deemed to be race-neutral unless discriminatory intent is inherent in the explanation. *State v. Nixon*, 1st Dist. No. C–020428, 2003-Ohio-3384, 2003 WL 21472980, ¶ 19; *State v. Todd*, 1st Dist. No. C–020559, 2003-Ohio-3056, 2003 WL 21360642, ¶ 6.

{¶ 9} Third, the trial court must determine whether, under all of the circumstances, the opponent has proven purposeful racial discrimination. The burden of persuasion always stays with the opponent of the strike. The trial court's finding is entitled to deference, since it turns largely on an evaluation of credibility. *Herring*, supra, 94 Ohio St.3d at 256, 762 N.E.2d 940; *White*, supra, 85 Ohio St.3d at 436–437, 709 N.E.2d 140. A reviewing court may reverse a trial court's finding that no discriminatory intent existed only if that finding is "clearly erroneous." *Nixon*, supra, 2003-Ohio-3384, 2003 WL 21472980, at ¶ 19, quoting *Hernandez v. New York* (1991), 500 U.S. 352, 369, 111 S.Ct. 1859, 114 L.Ed.2d 395.

{¶ 10} In this case, the prosecutor explained that he had exercised his peremptory challenge against the juror because the juror knew the defendant and had acknowledged having conversations with him. The prosecutor was also

concerned about the juror's previous drug problems. Consequently, the prosecutor provided a race-neutral reason for the use of the challenge. The trial court's acceptance of this race-neutral reason was not clearly erroneous under the facts of this case. Murray argues that other jurors knew other individuals involved in the case. But the juror challenged by the state was the only one who knew Murray. Murray did not meet his burden to show discriminatory intent. Consequently, we overrule his second assignment of error.

{¶ 11} In his third assignment of error, Murray contends that the trial court erred in allowing the trial to continue without his presence. The record shows that Murray failed to appear for the second day of trial. He argues that even though jury selection had been completed, no witnesses had yet testified, and, therefore, the trial court should have continued the case or granted a mistrial. This assignment of error is not well taken.

{¶ 12} Crim.R. 43(A) provides that "the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the verdict." A jury trial commences after the jury is impaneled and sworn in the defendant's presence. *State v. Meade* (1997), 80 Ohio St.3d 419, 424, 687 N.E.2d 278.

{¶ 13} In this case, the jury was impaneled and sworn on the first day of trial, and, therefore, the trial had commenced. Murray failed to appear for the second day of trial. Consequently, he waived his right to be present at all stages of the proceeding, and the trial court did not err in proceeding without his presence. See *State v. Harrison* (1993), 88 Ohio App.3d 287, 290, 623 N.E.2d 726.

{¶ 14} Murray also contends that his counsel was ineffective for failing to object when the trial court stated that it would continue the trial despite Murray's absence. Since it was not error for the trial court to do so, Murray cannot demonstrate that but for counsel's alleged error, the results of the proceedings would have been different. Consequently, he has failed to meet his burden to show ineffective assistance of counsel. See *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Hamblin* (1988), 37 Ohio St.3d 153, 155–156, 524 N.E.2d 476. Accordingly, we overrule Murray's third assignment of error.

{¶ 15} In his fourth assignment of error, Murray states that he received too harsh a sentence. He argues that some of the offenses for which he was sentenced were allied offenses of similar import that were not committed separately or with a separate animus as to each. Therefore, he could not have been sentenced for all the offenses. This assignment of error is not well taken.

{¶ 16} R.C. 2941.25(A) provides, "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the

indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(B) goes on to state, "Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶ 17} In applying this statute, courts have used a two-step analysis. The first step requires a comparison of the elements of the offenses in the abstract. Allied offenses of similar import are those offenses that correspond to such a degree that the commission of one offense will result in the commission of the other. *State v. Rance* (1999), 85 Ohio St.3d 632, 638–639, 710 N.E.2d 699; *State v. Mitchell* (1983), 6 Ohio St.3d 416, 418, 6 OBR 463, 453 N.E.2d 593.

{¶ 18} If the court finds that the offenses are allied offenses of similar import, it must proceed to the second step of the analysis, which involves a review of the defendant's conduct to determine whether the offenses were committed separately or with a separate animus as to each. *Mitchell,* supra, 6 Ohio St.3d at 418, 6 OBR 463, 453 N.E.2d 593; *State v. Gregory* (1993), 90 Ohio App.3d 124, 128–129, 628 N.E.2d 86.

{¶ 19} Murray was convicted of two counts of felonious assault pursuant to R.C. 2903.11(A)(1) and four counts of felonious assault pursuant to R.C. 2903.11(A)(2). The state relies upon *Coach,* supra, in which this court applied the objective comparison-of-the-elements test set forth in *Rance,* supra. We held that the elements of R.C. 2903.11(A)(1) and 2903.11(A)(2) do not correspond to the degree that the commission of one will result in the commission of the other. Therefore, they are not allied offenses of similar import. Consequently, any inquiry about those offenses is at an end, and Murray was properly sentenced for violating both R.C. 2903.11(A)(1) and (A)(2), even though the offenses involved the same conduct. See *Rance,* supra, 85 Ohio St.3d at 636, 710 N.E.2d 699; *State v. Palmer,* 148 Ohio App.3d 246, 2002–Ohio–3536, 772 N.E.2d 726, at ¶ 12.

{¶ 20} But the state misapprehends Murray's argument about the second step of the analysis. He argues that he cannot be convicted of and sentenced on both charges under R.C. 2903.11(A)(1) and all four charges under R.C. 2903.11(A)(2), even though they involved different victims. He relies on this court's decision in *State v. Howard,* 1st Dist. No. C–020389, 2003-Ohio-1365, 2003 WL 1389115.

{¶ 21} In that case, the defendant robbed a store in which three employees were present. He took money that was stored in a safe and ran out of the store with the three employees chasing him. He was convicted of three counts of robbery. We held that he should not have been sentenced on three counts of

robbery, because the offenses were not committed separately or with a separate animus for each offense.

{¶ 22} We reasoned that although each robbery involved the use of force against three different people, there was not a distinct act of force against each employee. Further, there was only one act of theft. The defendant did not steal separate property from each employee in the store. His sole animus was to steal property from the store. Id. at ¶ 14–15, 2003 WL 1389115.

{¶ 23} *Howard* is not dispositive of the present case. This court has also stated that "[w]hen an offense is defined in terms of conduct towards another, there is a dissimilar import for each person affected by the conduct." *State v. Roberts* (Nov. 9, 2001), 1st Dist. No. C–000756, 2001 WL 1386149. We have held that because the offense of felonious assault pursuant to R.C. 2903.11(A)(2) involves knowingly causing or attempting to cause harm to another by means of a deadly weapon, felonious assaults arising from the same course of conduct, but against multiple victims, are of "dissimilar import." *Roberts*, supra; *State v. Bonner* (Feb. 2, 1994), 1st Dist. No. C–930202, 1994 WL 25314. As another court has stated, "Because the General Assembly has defined this offense in terms of the harm, or potential harm, visited upon 'another,' we conclude that there is a separate, and 'dissimilar,' import with respect to each person subject to that harm or risk of harm." *State v. Phillips* (1991), 75 Ohio App.3d 785, 790, 600 N.E.2d 825.

{¶ 24} In this case, Murray fired gunshots into a van carrying four people and caused a separate risk of harm to each of those victims. Consequently, he could have been convicted of and sentenced on all four counts of felonious assault pursuant to R.C. 2903.11(A)(2), for knowingly causing or attempting to cause physical harm to another by means of deadly weapon.

{¶ 25} The same logic applies to felonious assault pursuant to R.C. 2903.11(A)(1), which prohibits knowingly causing serious physical harm to another. In this case, Murray's conduct caused serious physical harm to two of the victims. Each victim suffered a separate risk of harm. Consequently, Murray could have been convicted of two counts of felonious assault pursuant to R.C. 2903.11(A)(1). Accordingly, we overrule his fourth assignment of error and affirm his conviction and sentence.

Judgment affirmed.

WINKLER, J., concurs.

PAINTER, J., concurs separately.

PAINTER, Judge, concurring separately.

{¶ 26} Murray shot at four people. He is guilty of four offenses for *attempting* to cause physical harm by a deadly weapon, under R.C 2903.11(A)(2). But he also seriously injured two of the four, so he is guilty of *causing* serious physical harm to those two, under R.C 2903.11(A)(1).

{¶ 27} Except in the looking-glass world of Ohio law, the crime of attempting to cause harm would merge with the act of actually causing harm and would result in conviction for four offenses, not six. But under *State v. Rance*,[1] which we are obliged to follow, common sense falls victim to sophistry. Because we must follow the dictates of the Ohio Supreme Court, I reluctantly concur in that part of the decision. I concur in the balance—one may not voluntarily absent oneself from the trial and later complain about not being present.

---

1. (1999), 85 Ohio St.3d 632, 638–639, 710 N.E.2d 699.