JUDGMENT ENTRY.
Defendant-appellant, Tyrone Browner, was convicted of two counts of felonious assault pursuant to R.C. 2903.11(A)(1) and2903.11(A)(2). The record shows that Browner was part of a group that ambushed, beat, and shot Marcus Shearer, who was severely injured.
On appeal, Browner raises two assignments of error. In his first assignment of error, he contends that his convictions were against the manifest weight of the evidence and were based on insufficient evidence. A review of the manifest weight of the evidence puts the appellate court in the role of a "thirteenth juror."[1] We must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2] The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts.[3] A new trial should be granted on the weight of the evidence only in exceptional cases.[4]
In reviewing a sufficiency-of-the-evidence claim, an appellate court must examine the evidence presented at trial and determine whether the evidence, viewed in a light most favorable to the state, could have convinced any rational trier of fact that the defendant was guilty beyond a reasonable doubt.[5] With respect to the sufficiency of the evidence, questions regarding the credibility of witnesses are irrelevant because they are within the domain of the trier of fact.[6]
A friend of Shearer, the victim, named Cravens had his apartment broken into and various items taken. Shearer told Cravens that, in his opinion, two individuals, one of whom was named Timer, were the culprits. Shearer later took a call from Cravens asking that he meet him at a particular location. Shearer arrived and expected to see only Timer and Cravens. Instead, a group of people was waiting for him, among them, Tyrone Browner. Browner approached Shearer and punched him. A melee ensued. At one point, members of the group started pulling out guns. After being shot in the abdomen, Shearer fled from the scene. One of the individuals from the group caught up with him, whereupon a struggle ensued over a handgun. This time, Shearer was shot in the arm. A passerby driving his truck saw Shearer, stopped to pick him up, and drove him immediately to the hospital for emergency care. The passerby thought Shearer would die from his injuries on the way to the hospital. The passerby thought he heard at least twenty gunshots. Shearer testified that while he was certain that Browner had a handgun, he could not say for sure that Browner had fired it at him, although as he fled from the scene he also heard "a lot of gunshots."
On this record, we hold that the state's evidence, when viewed in a light most favorable to the prosecution, could have convinced any rational trier of fact that Browner, in complicity with his co-defendants, had knowingly caused serious physical harm to Shearer, the victim. Therefore, the evidence was sufficient to support Browner's conviction for felonious assault under R.C. 2903.11(A)(1), which provides, in part, "No person shall knowingly * * * (1) Cause serious physical harm to another or to another's unborn; * * *." The state's evidence, when viewed in a light most favorable to the prosecution, could also have convinced a rational trier of fact that Browner, in complicity with his co-defendants, had caused or attempted to cause physical harm to Shearer by means of a deadly weapon. Therefore, the evidence was sufficient to support Browner's conviction for felonious assault pursuant to R.C. 2903.11(A)(2), which provides, in part, "No person shall knowingly * * * (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
Browner also contends that his convictions were against the manifest weight of the evidence. After reviewing the record, we cannot hold that the jury clearly lost its way and created such a manifest miscarriage of justice that we must reverse Browner's convictions and order a new trial. Therefore, his convictions were not against the manifest weight of the evidence. Browner essentially argues that Shearer's testimony should not have been believed. But matters as to the credibility of witnesses are for the trier of fact to decide.[7] We are cognizant that Browner was acquitted of all accompanying firearm specifications. But a finding on a specification that is inconsistent with a guilty finding on the principal charge will not undermine the guilty finding on the principal charge where sufficient evidence supports the guilty finding on the principal charge.[8] As we have already held, sufficient evidence supported the convictions on the principal charges. Accordingly, we overrule the first assignment of error.
In Browner's second assignment of error, he contends that the trial court erred in imposing consecutive sentences for "one assault, on one individual, at one time." With regard to allied offenses of similar import, in applying R.C. 2941.25(A) and (B), courts use a two-step analysis.[9] The first step requires a comparison of the elements of the offenses in the abstract.[10] Allied offenses of similar import are those offenses that correspond to such a degree that the commission of one offense will result in the commission of the other.[11]
When the reviewing court finds that the offenses are allied offenses of similar import, it proceeds to the second step of the analysis, which involves a review of the defendant's conduct to determine whether the offenses were committed separately or with a separate animus as to each.[12] We have already concluded that the elements of R.C. 2903.11(A)(1) and 2903.11(A)(2) do not correspond to the degree that the commission of one will result in the commission of the other.[13] Moreover, while Browner initially punched the victim in the face, a melee erupted during which the victim was shot multiple times by members of the group that included Browner, who had waited for the victim's arrival.
With regard to the imposition of consecutive sentences, the record shows that Browner had not served a prior prison term, but had been committed to the Department of Youth Services. He was convicted of two second-degree felonies, with possible terms of incarceration ranging from two to eight years. A period of eight years' incarceration was imposed on Browner for one conviction and a period of six years' incarceration for the second conviction. In order to impose a nonminimum sentence, the trial court had to find at the sentencing hearing that the shortest prison term would demean the seriousness of Browner's conduct or would not adequately protect the public from future crime.[14] In this case, the trial court made both findings on the record. We note that the court was not required to give its reasons for those findings before it imposed the nonminimum sentences.[15] With regard to the consecutive sentences, the Ohio Supreme Court has stated, "[P]ursuant to R.C.2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."[16] To impose consecutive sentences under R.C. 2929.14(E)(4), the trial court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The court must also find one of the following: (1) when the offender committed the offenses, he was awaiting trial or sentencing or was under post-release control; (2) the harm caused was so great or unusual that no single prison term would adequately reflect the offender's conduct; or (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.[17] And, as already noted, reasons must be given by the trial court. In this case the trial court made the requisite findings and stated its reasons for imposing the consecutive sentences.
With regard to the one maximum sentence imposed on Browner, in order to impose a maximum sentence upon one who is not a major drug offender or a repeat violent offender, a trial court must find that the felon either committed one of the "worst forms of the offense" or poses the greatest likelihood of recidivism.[18] The trial court made the required findings on the record and gave reasons for those findings.[19]
Having concluded that the trial court committed no error in sentencing Browner for the two convictions, we overrule Browner's second assignment of error.
Therefore, we affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Hildebrandt and Gorman, JJ.
[1] See State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541.
[2] State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[3] See State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus.
[4] See Thompkins, supra, citing State v. Martin (1983),20 Ohio App.3d 172, 485 N.E.2d 717.
[5] See State v. Waddy (1992), 63 Ohio St.3d 424, 430,588 N.E.2d 819; State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
[6] See State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212.
[7] See id.
[8] See State v. Boyd (1996), 110 Ohio App.3d 13, 16-17,673 N.E.2d 607; State v. Perryman (1976), 49 Ohio St.2d 14, 26,358 N.E.2d 1040, vacated in part on other grounds (1978),438 U.S. 911, 98 S.Ct. 3136 (specifications considered after, and in addition to, the finding of guilt on the principal charge).
[9] See State v. Murray, 156 Ohio App.3d 219, 2004-Ohio-654,805 N.E.2d 156, at ¶ 17.
[10] See id.
[11] See id.
[12] See id. at ¶ 18.
[13] See State v. Sheppard (Oct. 12, 2001), 1st Dist. No. C-000553; State v. Coach (May 5, 2000), 1st Dist. No. C-990349.
[14] See R.C. 2929.14(B)(2); State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, paragraph two of the syllabus.
[15] See State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110,715 N.E.2d 131, syllabus; Comer, supra, at 469, 2003-Ohio-4165,793 N.E.2d 473, at ¶ 26.
[16] See Comer, supra, at 467-468, 2003-Ohio-4165,793 N.E.2d 473, at ¶ 20.
[17] See R.C. 2929.14(E)(4)(a) through (c). See, also, Statev. Chapman, 1st Dist. No. C-020115, 2002-Ohio-7336, at ¶ 3.
[18] See R.C. 2929.14(C).
[19] See State v. James, 1st Dist. No. C-030695,2004-Ohio-5727, at ¶ 24-25; State v. Edmondson,86 Ohio St.3d 324, 1999-Ohio-110, 715 N.E.2d 131.