JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Jerome Mosley, appeals a conviction for aggravated robbery pursuant to R.C. 2911.01(A)(1), with accompanying firearm specifications. We find no reversible error in his seven assignments of error, and we, therefore, affirm his conviction.
In his first assignment of error, Mosley contends that the trial court erred in allowing the state to use peremptory challenges to exclude two African-American males from the jury in violation of Batson v. Kentucky
(1986), 476 U.S. 79, 106 S.Ct. 1712. He argues that the reasons given for the state's peremptory challenges were pretextual. This assignment of error is not well taken.
The record shows that the prosecutor explained that he had used a peremptory challenge on the first juror because the juror was "slumped down" and looked like "he would rather be anywhere else than here." Also, the juror had indicated that he knew one of the state's witnesses. As to the second juror, the prosecutor stated that he was seventy-two years of age, with nine children and a seventh-grade education. He had also been convicted of a crime, even though the conviction had been expunged, and the crime appeared to be one of violence.
Thus, the record shows that the prosecutor provided race-neutral explanations for his use of the peremptory challenges. The trial court's acceptance of these race-neutral reasons was not clearly erroneous under the facts of this case. Under the circumstances, Mosley has not met his burden to show discriminatory intent. See State v. O'Neal,87 Ohio St.3d 402, 2000-Ohio-449, 721 N.E.2d 73; State v. White,85 Ohio St.3d 433, 1999-Ohio-281, 709 N.E.2d 140; State v. Murray,156 Ohio App.3d 219, 2004-Ohio-654, 805 N.E.2d 156. We, therefore, overrule his first assignment of error.
In his second assignment of error, Mosley contends that the trial court erred in failing to exclude an incriminating note he had allegedly written to a state's witness. He argues that the state had failed to provide the note to him in discovery. This assignment of error is not well taken.
The record shows that Darby Smith, one of Mosley's co-defendants, testified for the state. The prosecutor asked him if anybody had told him what his testimony should be. Smith replied that Mosley had told him how to testify. He stated that while they were both in jail, Mosley had given him a note telling him exactly how to testify "so we can get off as to what happened." Smith indicated that he had given the note to his attorney.
The prosecutor was surprised by this testimony and told the trial court that he had not known about the note. Smith's attorney had been subpoenaed by Mosley's counsel and was present in the courthouse. The state obtained a copy of the note from Smith's counsel and questioned Smith about it contents further.
The following day, Mosley's counsel moved for a mistrial. He argued that even though the prosecutor in Mosley's case did not know about the note, Smith's attorney had told the prosecutor in Smith's case about it. Therefore, Mosley contended, the knowledge of that prosecutor should have been imputed to the state, and the failure to disclose the note constituted a discovery violation.
Upon questioning, Smith's attorney stated that he might have mentioned the note to the prosecutor in Smith's case, but that he was not sure. He thought he had given the note to the state, but he realized that he was mistaken because it was still in his file. Based on this testimony, the trial court overruled Mosley's motion for a mistrial, but granted his motion for the appointment of a handwriting expert.
Crim.R. 16(B)(1)(a) provides that, upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy any "relevant written or recorded statements made by the defendant" that "are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney[.]" The record does not show that the state knew or could have known of the existence of this letter. Further, even though a state's witness knew of the letter, his nexus with the state was too remote to impute his knowledge to the prosecution. See State v. Mosley, 4th Dist. No. 00CA2739, 2001-Ohio-2524. Consequently, no discovery violation occurred.
Further, even if the failure to disclose the letter had been a discovery violation, the trial court had broad discretion in determining the appropriate sanction. State v. Wiles (1991), 59 Ohio St.3d 71,571 N.E.2d 97; State v. Penland (1998), 132 Ohio App.3d 176,724 N.E.2d 841. A court should impose the least severe sanction for a discovery violation that serves the purpose of the discovery rules.Lakewood v. Papadelis (1987), 32 Ohio St.3d 1, 511 N.E.2d 1138; Penland,
supra. The court does not abuse its discretion in admitting undisclosed evidence unless the record shows that the prosecutor's discovery violation was willful, that foreknowledge would have benefited the accused in preparing his defense, or that he accused was unfairly prejudiced. State v. Otte, 74 Ohio St.3d 555, 1996-Ohio-108, 660 N.E.2d 711;Penland, supra.
In this case, the record shows that the prosecutor was unaware of the note and, therefore, his failure to disclose it was not willful.Penland, supra. Mosley contends that foreknowledge of the note would have benefited his defense because he could have avoided testifying and having his credibility irreparably destroyed by the use of the note as impeachment evidence. But the record shows that Smith testified before Mosley, and, therefore, he knew of the note's existence before he testified. If he needed more time to investigate or to decide his course of action, he could have asked for a continuance, which he did not. SeeState v. Parks (1990), 69 Ohio App.3d 150, 590 N.E.2d 300; State v.Brewster, 1st Dist. Nos. C-030024 and C-030025, 2004-Ohio-2993.
Finally, Mosley has not shown that he was unfairly prejudiced. A mere possibility that proper discovery would have altered the outcome of the proceedings is insufficient to demonstrate unfair prejudice. State v.Schofield, 4th Dist. Nos. 01CA36 and O2CA13, 2002-Ohio-6945. Mosley contended that he had not written the note. The trial court granted his motion to appoint a handwriting expert. But Mosley never presented the testimony of such an expert. In this case, any prejudice to Mosley did not arise from the state's failure to disclose the note, but from the existence of the note itself. See Penland, supra.
Under the circumstances, we cannot hold that the trial court's decision to admit the note into evidence was so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. See State v. Adams
(1980), 62 Ohio St.2d 151, 404 N.E.2d 144; Brewster, supra. Accordingly, we overrule Mosley's second assignment of error.
In his third assignment of error, Mosley contends that his conviction was against the manifest weight of the evidence. After reviewing the record, we cannot hold that the jury lost its way and created such a manifest miscarriage of justice that we must reverse Mosley's conviction and order a new trial. Therefore, his conviction was not against the manifest weight of the evidence. See State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541; State v. Allen (1990), 69 Ohio App.3d 366,590 N.E.2d 1272. Mosley is simply arguing that the state's witnesses were not credible, but matters as to the credibility of witnesses were for the trier of fact to decide. State v. Bryan, 101 Ohio St.3d 272, 2004-Ohio-971,804 N.E.2d 433. Accordingly, we overrule his third assignment of error.
In his fourth assignment of error, Mosley contends that the trial court erred in allowing the state to cross-examine him about the filing of a notice of alibi and to comment upon that filing in its closing argument when he did not present an alibi defense. We agree that the court erred. See State v. Hirsch (1998), 129 Ohio App.3d 294, 717 N.E.2d 789; Statev. Tolbert (1990), 70 Ohio App.3d 372, 591 N.E.2d 325.
Nevertheless, given the overwhelming evidence against Mosley, we hold that no reasonable probability existed that the error contributed to Mosley's conviction. Therefore, the evidence was harmless beyond a reasonable doubt. See State v. Webb, 70 Ohio St.3d 325, 1994-Ohio-425,638 N.E.2d 1023; State v. Bayless (1976), 48 Ohio St.2d 73,357 N.E.2d 1035, vacated as to death penalty (1978), 438 U.S. 911,98 S.Ct. 3135. Consequently, we overrule Mosley's fourth assignment of error.
In his fifth assignment of error, Mosley contends that the prosecutor's improper comments in closing argument deprived him of a fair trial. He argues that the prosecutor improperly called him a "bully," attacked defense counsel and counsel's tactics, and commented on his notice of alibi. We agree that some of the prosecutor's comments went beyond zealous advocacy into the realm of the patently improper. See State v.Smith (1998), 130 Ohio App.3d 360, 729 N.E.2d 149; Hirsch, supra; Statev. Stubblefield (Feb. 13, 1991), 1st Dist. No. C-890597. Once again, we caution the state about using these tactics.
Nevertheless, given the overwhelming evidence against Mosley, we cannot hold that the prosecutor's improper comments prejudicially affected his substantial rights and denied him a fair trial. See State v. Keenan
(1993), 66 Ohio St.3d 402, 613 N.E.2d 203; State v. Lott (1990),51 Ohio St.3d 160, 555 N.E.2d 293; Hirsch, supra. We, therefore, overrule his fifth assignment of error.
In his sixth assignment of error, Mosley contends that he was denied the effective assistance of counsel. He has not demonstrated that counsel's representation fell below an objective standard of reasonableness or that, but for counsel's unprofessional errors, the results of the proceeding would have been different. Consequently, he has failed to meet his burden to show ineffective assistance of counsel.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052; State v.Hamblin (1988), 37 Ohio St.3d 153, 524 N.E.2d 476. A defendant is not deprived of the effective assistance of counsel when counsel chooses, for strategic reasons, not to pursue every possible trial tactic. State v.Brown (1988), 38 Ohio St.3d 305, 528 N.E.2d 523; State v. Thomas (Aug. 29, 1997), 1st Dist. No. C-960242; State v. Waller (Jan. 15, 1997), 1st Dist. No. C-960167. Consequently, we overrule Mosley's sixth assignment of error.
In his seventh assignment of error, Mosley takes issue with the trial court's jury instructions. First, he argues that the trial court improperly instructed the jury on complicity. He contends that he was not put on notice that he was charged with complicity.
R.C. 2923.03(F) provides that accomplices can be prosecuted and punished as if they were the principal offenders. State v. Coleman
(1988), 37 Ohio St.3d 286, 525 N.E.2d 792; Brewster, supra. It states that "[a] charge of complicity may be stated in terms of this section, or in terms of the principal offense." This language gives the accused notice that the state can present evidence that he or she was either a principal offender or an aider and abettor. State v. Dotson (1987),35 Ohio App.3d 135, 520 N.E.2d 240; State v. Killings (May 29, 1998), 1st Dist. Nos. C-970167 and C-970247. Further, when the jury can reasonably find from the evidence presented that the defendant acted as an aider and abettor, a jury instruction on complicity is proper. Statev. Perryman (1976), 49 Ohio St.2d 14, 358 N.E.2d 1040, vacated as to death penalty (1978), 438 U.S. 911, 98 S.Ct. 3136; Brewster, supra.
In this case, Mosley, by operation of R.C. 2923.03(F), was put on notice that the state might present evidence that he acted as an aider and abettor. Further, the state presented evidence from which the jury could reasonably have inferred that Mosley aided and abetted his two co-defendants in the commission of aggravated robbery. Consequently, an instruction on complicity was proper. See State v. Tumbleson (1995),105 Ohio App.3d 693, 664 N.E.2d 1318.
Mosley's reliance on this court's decision in Killings, supra, is misplaced. In that case, the defendant was indicted for one count of rape. His defense was that the sexual contact was consensual. The trial court added an instruction on complicity related to a rape of the same victim committed by a co-defendant for which the defendant had not been indicted. We held that, despite the language of R.C. 2923.03(F), the defendant did not have adequate notice that he would be charged as an aider an abettor of the second act of rape committed by his co-defendant. This case is distinguishable. The complicity instruction did not surprise Mosley with an additional charge of which he did not receive notice.
Mosley also argues that an erroneous instruction by the trial court prejudiced him. The court stated that "[i]f you find the state has failed
to prove the essential elements of aggravated robbery * * * beyond a reasonable doubt, your verdict must be guilty of that count * * * as you so find." (Emphasis added.) Neither Mosley nor the state noticed this misstatement, and Mosley did not object. Consequently, this court will not reverse in the absence of plain error. State v. Underwood (1983),3 Ohio St.3d 12, 444 N.E.2d 1332; State v. Doan (Sept. 29, 1995), 1st Dist. No. C-940330.
A reviewing court cannot judge a single jury instruction in isolation, but must view it in the context of the overall charge. State v. Price
(1979), 60 Ohio St.2d 136, 398 N.E.2d 772; State v. Cotton (Aug. 14, 1996), 1st Dist. No. C-950208. A review of the jury charge as a whole clearly indicates in this case that the trial court misspoke. But the written copy of the instructions given to the jury contained the correct instruction. Under the circumstances, we cannot hold that, but for the improper instruction, the outcome of the trial clearly would have been otherwise. Therefore, the error did not rise to the level of plain error. See State v. Wickline (1990), 50 Ohio St.3d 114, 552 N.E.2d 913;Hirsch, supra; Doan, supra. Accordingly, we overrule Mosley's seventh assignment of error, and we affirm his conviction.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter and Sundermann, JJ.