DECISION. *Page 2 
{¶ 1} Defendant-appellant, Barry N. Wilson, pleaded guilty to and was convicted of four counts of vehicular vandalism under R.C.2909.09(B)(1). The record shows that Wilson threw a brick through the windshield of a truck containing four people. He then picked up the brick and threw it through the back window.
 {¶ 2} The trial court sentenced Wilson to serve 65 days in prison and three years' community control. The court told him that if he violated the conditions of his community control, it would sentence him to 18 months' imprisonment on all four counts, to be served consecutively. He has filed a timely appeal from the four convictions.
 {¶ 3} Wilson presents two assignments of error for review. In his first assignment of error, he contends that the trial court erred by sentencing him on all four counts of vehicular vandalism. He argues that the offenses were allied offenses of similar import and that they were not committed with a separate animus. This assignment of error is not well taken.
 {¶ 4} First, the state argues that the issue is not ripe for review. It contends that Wilson will not be subject to consecutive prison terms unless he violates the terms of his community control. Courts have held that an appeal of a reserved sentence of community control is not ripe until the actual sentencing order imposes a prison term for a community-control violation.[1] *Page 3 
 {¶ 5} But R.C. 2941.25(A) states that "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." Conviction in this context means a judgment of conviction, defined as a finding of guilt and a sentence.[2]
 {¶ 6} In this case, Wilson was convicted four times, with four findings of guilt and four sentences imposed, even if the sentences involved community control. By raising an allied-offense argument, he is challenging the convictions, not just the sentences, and, therefore, the issue is ripe for review.
 {¶ 7} We turn to the merits of Wilson's assignment of error. We have already quoted R.C. 2941.25(A). R.C. 2941.25(B) goes on to state that "[w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 8} In applying the allied-offense statute, courts have used a two-step analysis. The first step requires a comparison of the elements of the offenses in the abstract. Allied offenses of similar import are those offenses that correspond to such a degree that the commission of one offense will result in the commission of the other.[3] Because Wilson was charged with four counts of violating the same statute, *Page 4 
the elements of the offenses were identical, and the first step of the analysis is satisfied.[4]
 {¶ 9} If the court determines that the offenses are allied offenses of similar import, it must proceed to the second step of the analysis, which involves a review of the defendant's conduct to determine whether the offenses were committed separately or with a separate animus as to each.[5] This court has stated numerous times that when an offense is defined in terms of conduct towards another, "there is a dissimilar import for each person affected by the conduct."[6]
 {¶ 10} In this case, Wilson was charged with and convicted of vehicular vandalism as a fourth-degree felony. R.C. 2909.09(B)(1) states that "[n]o person shall knowingly, and by any means, drop or throw any object at, onto, or in the path of * * * any vehicle, streetcar, or trackless trolley on a highway." R.C. 4909.09(C) provides that, generally, vehicular vandalism is a first-degree misdemeanor. But it goes on to state that "if the violation of this section creates a substantial risk of physical harm to any person * * *, vehicular vandalism is a felony of the fourth degree."
 {¶ 11} When a special circumstance enhances the degree of an offense, it is an element of the crime that the state must prove beyond a reasonable doubt.[7] Because vehicular vandalism as a fourth-degree felony contains an element that is defined in terms of conduct towards another, violations of the statute involving *Page 5 
separate victims are committed separately. Wilson caused a separate risk of harm to each of the four individuals in the car, and, therefore, he could have been convicted of and sentenced on all four counts of vehicular vandalism.
 {¶ 12} This same logic would apply to vehicular vandalism as a second-or third-degree felony.[8] It would not necessarily apply when there is no risk of harm to another and the offense is a first-degree misdemeanor.[9] In this case, because the four offenses were committed separately and with a dissimilar import, Wilson was properly sentenced. We, therefore, overrule his first assignment of error.
 {¶ 13} In his second assignment of error, Wilson contends that the trial court erred by delegating the determination of the amount of restitution to the probation department. He argues that if the court orders restitution, it must determine the amount at the time of sentencing. We agree.
 {¶ 14} R.C. 2929.18(A)(1) permits the trial court to order restitution. It provides in pertinent part that "[i]f the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender."
 {¶ 15} In State v. Purnell,[10] this court held that "the plain language of R.C. 2929.18(A)(1) establishes that if the trial court orders restitution at sentencing, it must determine the amount at that time. There is no statutory authority for the trial court to exercise continuing jurisdiction to modify the amount of the financial sanction. * * * The trial court retains authority to impose a more restrictive financial sanction only if the defendant violates the conditions of his community control."[11] *Page 6 
 {¶ 16} At the plea hearing, Wilson stated that he was "willing to accept" the car owner's assertion that repairs had cost $975. But the court ordered Wilson to pay restitution "in an amount to be determined by the probation department." The court did not have authority to order an amount of restitution to be determined after sentencing. It should have determined the amount of restitution at the time of sentencing.
 {¶ 17} We hold that the trial court erred in imposing an indeterminate amount of restitution. We sustain Wilson's second assignment of error. We vacate that part of the sentences ordering restitution, and we remand the case to the trial court to impose a definite amount of restitution. In all other respects, the trial court's judgment is affirmed.
Affirmed in part, sentences vacated in part, and cause remanded.
SUNDERMANN, P. J., and CUNNINGHAM, J., concur.
[1] See State v. Poppe, 3rd Dist. No. 2-06-23, 2007-Ohio-688, ¶ 14;State v. Wilson, 5th Dist. No. CT 2005-0031, 2006-Ohio-3541, ¶ 8;State v. Pitts, 6th Dist. No. L-05-1212, 2005-Ohio-5461, ¶ 20-22;State v. Sparks, 4th Dist. No. 03CA21, 2003-Ohio-6300, ¶ 11-12.
[2] State v. Blackman, 8th Dist. No. 88608, 2007-Ohio-4168, ¶ 24;State v. Stone (May 3, 1995), 1st Dist. No. C-940486, overruled on other grounds in State v. Coach (May 5, 2000), 1st Dist. No. C-990349;State v. Darga (1985), 30 Ohio App.3d 54, 56, 506 N.E.2d 266.
[3] State v. Rance, 85 Ohio St.3d 632, 638-639, 1999-Ohio-291,710 N.E.2d 699; State v. Murray, 156 Ohio App.3d 219, 2004-Ohio-654,805 N.E.2d 156, ¶ 17.
[4] See State v. Hundley, 1st Dist. No. C-060374, 2007-Ohio-3556, ¶ 14;State v. Johnson, 1st Dist. No. C-050399, 2006-Ohio-6449, ¶30.
[5] State v. Mitchell (1983), 6 Ohio St.3d 416, 418, 453 N.E.2d 593;Murray, supra, at ¶ 18.
[6] Murray, supra, at ¶ 23, quoting State v. Roberts (Nov. 9, 2001), 1st Dist. No. C-000756; State v. Dixson, 1st Dist. No. C-030227,2004-Ohio-2575, ¶ 33; State v. Madaris, 156 Ohio App.3d 211,2004-Ohio-653, 805 N.E.2d 150, ¶ 20-22.
[7] State v. Allen (1987), 29 Ohio St.3d 53, 54, 506 N.E.2d 199;State v. Salaam, 1st Dist. No. C-020324, 2003-Ohio-1021, ¶ 7-8;State v. Roper (Mar. 22, 1996), 4th Dist. No. 94CA34; State v.Smith (Dec. 21, 1994), 2nd Dist. No. 14374.
[8] See R.C. 4509.09(C).
[9] See Hundley, supra, at ¶ 15-16.
[10] 171 Ohio App.3d 446, 2006-Ohio-6160, 871 N.E.2d 613.
[11] Id. at ¶ 9. *Page 1