DECISION
{¶ 1} Defendant-appellant Jason Patchell pleaded guilty to eight counts of burglary and three counts of theft of a motor vehicle. The trial court imposed a sentence of 15 years in prison for these crimes. Two years after his guilty plea, Patchell filed a motion to withdraw the plea under Crim.R. 32.1. The crux of Patchell's motion was that his trial counsel was ineffective due to his failure to properly argue that Patchell's confession should have been suppressed. Patchell argued that his confession was involuntary and should have been suppressed because he was high on heroin at the time of his arrest and interrogation.
 {¶ 2} But the trial court did not abuse its discretion by refusing to allow Patchell to withdraw his guilty plea, when, after a fair and impartial hearing, the court was satisfied that he had entered his plea voluntarily, knowingly, and intelligently. The purpose of Crim.R. 11 is to assure that the defendant is informed, and it enables the court to determine that the defendant understands that his plea waives his constitutional right to a trial. The dialogue between the trial court and Patchell at the plea hearing supported the court's decision that Patchell had voluntarily, knowingly, and intelligently pleaded guilty. Thus, the trial court did not abuse its discretion in overruling Patchell's motion to withdraw his guilty plea.
 I. Trying to Feed a Drug Habit {¶ 3} Patchell was a drug addict with a long-term heroin habit. In February 2002, Patchell burglarized nine homes and stole six motor vehicles in Green Township. He would enter victim's houses between the hours of midnight and six in the morning. All the victims slept while Patchell roamed the houses looking for property to take. In several houses, he was so bold that he ate stir-fried food at one house and a Popsicle at another, and he even had a beer at another while calling a 19-00 sex phone number.
 {¶ 4} Patchell entered all the homes through unlocked doors. All the cars he stole were eventually recovered, and some of the personal property was recovered. When he was caught, he confessed to the police.
 {¶ 5} Patchell asked his attorney to file a motion to suppress because he contended that he was under the influence of heroin at the time of the confession. The attorney did so, albeit hurriedly, writing the motion in longhand. A suppression hearing lasted only twenty minutes, and Patchell subsequently accepted a plea bargain.
 {¶ 6} The trial court properly reviewed all the constitutional rights Patchell was waiving by entering a plea under Crim.R. 11. Patchell affirmatively waived all rights and pleaded guilty to eight counts of burglary in violation of R.C.2911.12(A)(1) and (2) and three counts of theft of a motor vehicle in violation of R.C. 2913.02(A)(1) and (2). The trial court then sentenced Patchell to 15 years in prison.
 {¶ 7} Two years after this sentence was imposed, Patchell moved to withdraw his guilty plea. Patchell then believed that he should be permitted to withdraw his guilty plea because of ineffective assistance of counsel. This contention was based on Patchell's claims that his attorney did not visit him in the justice center, that he was suffering from symptoms of withdrawal from drugs, and that a motion to suppress was not filed until the day before he entered his plea. In spite of these contentions, the trial court denied the motion.
 II. Motion to Withdraw Guilty Plea {¶ 8} Crim.R. 32.1 provides as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."[1]
 {¶ 9} Thus, a post-sentence motion to withdraw a plea of guilty or no contest may be granted only upon a showing of "manifest injustice,"[2] the burden of which is on the defendant.[3] Whether such a showing has been made is committed to the sound discretion of the trial court and will not be disturbed on appeal unless the court has abused its discretion.[4] And an abuse of discretion connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary.[5] Unreasonable means that no sound reasoning process supports the decision.[6]
 {¶ 10} This court has developed a series of factors to aid us in determining whether a trial court has properly exercised its discretion.[7] They include the following: (1) whether the accused was represented by highly competent counsel; (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea; (3) whether a full hearing was held on the withdrawal motion; (4) whether the trial court gave full and fair consideration to the motion;[8] (5) whether the motion was made within a reasonable time; (6) whether the motion set forth specific reasons for the withdrawal; (7) whether the accused understood the nature of the charges and the penalties; and (8) whether the accused was perhaps not guilty or had a complete defense to the charges.[9]
 {¶ 11} We cannot conclude that the trial court abused its discretion in denying Patchell's motion when various factors weighed heavily in favor of denying the motion. Patchell was given a full Crim.R. 11 colloquy and affirmatively waived his constitutional rights knowingly and intelligently by entering his guilty plea. Furthermore, the trial court gave full and fair consideration to Patchell's motion to withdraw through a complete and fair hearing in which both he and former counsel testified.
 {¶ 12} If Patchell was suffering from heroin withdrawal or had problems understanding the plea, he had the opportunity to express those difficulties when the plea was entered. Instead, he affirmatively answered the colloquy and waived his constitutional rights to accept the plea. Therefore, we hold that the trial court did not abuse its discretion in refusing to grant Patchell's motion to withdraw his guilty plea.
 III. Ineffective Assistance of Counsel {¶ 13} Where a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases."[10] The Supreme Court's concern with the quality of counsel's performance in advising a client whether to plead guilty stems from the general principle that "all defendants facing felony charges are entitled to the effective assistance of competent counsel."[11] A defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was not effective assistance of competent counsel.[12]
 {¶ 14} In Strickland v. Washington, the United States Supreme Court enunciated the two-prong standard for evaluating claims of ineffective assistance of counsel.[13] When a defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.[14]
There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[15]
The Court further stated that counsel's performance must have prejudiced the defense so as to deprive the defendant of a fair trial.[16] The "defendant must [also] show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."[17]
 {¶ 15} From the record, it appears that Patchell's counsel's performance was less than perfect. To let a client sit in jail without meeting with him is unacceptable. And a handwritten motion hastily drawn up fifteen minutes before trial is questionable. But, of course, there may have been no reason to suspect that suppression would have been granted — which it was not.
 {¶ 16} But it does not appear that counsel's performance was outcome-determinative. Patchell was given a Crim.R. 11 colloquy in which he affirmatively waived his constitutional rights when he pleaded guilty. There is nothing in the record to suggest that Patchell was incompetent when he waived these rights and accepted his sentence. The trial court's determination that no manifest injustice was present in this case was also in no way unreasonable, arbitrary, or unconscionable.
 {¶ 17} Accordingly, we overrule Patchell's assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
Doan, P.J., and Sundermann, J., concur.
[1] Crim. R. 32.1.
[2] See State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324, paragraph one of the syllabus.
[3] See State v. Xie (1992), 62 Ohio St.3d 521, 526,584 N.E.2d 715.
[4] Id., paragraph two of the syllabus.
[5] See Franklin City Sheriff's Department v. State Emp.Relations Bd. (1992), 63 Ohio St.3d 498, 506, 589 N.E.2d 24.
[6] See AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161,553 N.E.2d 597; State v. Echols (1998), 128 Ohio App.3d 677, 669-670,716 N.E.2d 728.
[7] See State v. Calloway, 1st Dist. No. C-040066,2004-Ohio-5613, at ¶ 12; State v. Price, 1st Dist. No. C-030262, 2003-Ohio-7109, at ¶ 6.
[8] See State v. Peterseim (1980), 68 Ohio App.2d 211, 214,428 N.E.2d 863.
[9] See State v. Fish (1995), 104 Ohio App.3d 236, 240,661 N.E.2d 788.
[10] See McMann v. Richardson (1970), 397 U.S. 759, 771,90 S.Ct. 1441.
[11] Id. at fn. 14; see, also, Powell v. Alabama (1932),287 U.S. 45, 53-65, 53 S.Ct. 55.
[12] See Tollett v. Henderson (1973), 411 U.S. 258, 267,93 S.Ct. 1602.
[13] See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052.
[14] Id. at 687-688.
[15] Id.
[16] Id.
[17] Id. at 694.