DECISION.
{¶ 1} Following a successful appeal after his first trial, Garey Smith was retried and convicted of several counts that had been previously merged by the first trial court. Smith appeals the trial court's decision to retry him on the previously merged counts and the imposition of four sentences for two acts of felonious assault. We hold that the trial court properly retried Smith on the previously merged sentences but erred by imposing four sentences for two felonious assaults.
 I. Complicated Procedural History {¶ 2} The facts of this case have been stated in detail in two prior decisions from this court, Smith I[1] and Smith II.[2] This appeal involves procedural and sentencing issues, so to understand the complex procedural history, we give a brief account of the facts.
 {¶ 3} Garey Smith shot and killed Jimmy Gordon and shot and seriously injured Jeff King, Andre Ridley, and Steven Franklin. Smith asserted that he had shot the victims in self-defense. Smith was indicted on the following counts:
 {¶ 4} Count 1: Aggravated murder of Gordon;[3]
 {¶ 5} Count 2: Felonious assault of Franklin;[4]
 {¶ 6} Count 3: Felonious assault of Franklin;[5]
 {¶ 7} Count 4: Attempted murder of Franklin;[6]
 {¶ 8} Count 5: Felonious assault of King;[7] *Page 3 
 {¶ 9} Count 6: Felonious assault of King;[8]
 {¶ 10} Count 7: Attempted murder of King;[9]
 {¶ 11} Count 8: Felonious assault of Ridley;[10]
 {¶ 12} Count 9: Felonious assault of Ridley;[11]
 {¶ 13} Count 10: Attempted murder of Ridley;[12]
 {¶ 14} Count 11: Having a weapon under a disability.[13]
 {¶ 15} At his first trial, Smith was found not guilty of count seven, guilty of the lesser charge of murder on count one, and guilty of the remaining counts. The trial court merged several counts into their more serious counterparts: it merged counts two and three into count four; count five into count six; and counts eight and nine into count ten. After the first trial, Smith was sentenced for count one (the murder of Gordon[14]), count four (the attempted murder of Franklin[15]), count six (the felonious assault on King[16]), count ten (the attempted murder of Ridley[17]), and count eleven (having a weapon under a disability[18]). The state agreed to the mergers and did not appeal the trial court's decision to merge these counts.
 {¶ 16} Smith appealed. He asserted that the trial court had erred by denying him his right to self-representation, forcing him to wear a stun belt during trial, allowing prosecutorial misconduct, and convicting him despite ineffective assistance of counsel. In Smith I, this court reversed Smith's convictions and remanded the case for a new trial because the trial court had denied Smith his right to self-representation.[19] *Page 4 
 {¶ 17} At Smith's second trial, he was tried on all counts except count seven (he had been found not guilty of this count by the first jury). The jury found Smith guilty of several counts and was unable to reach a verdict on other counts. The trial court dismissed two of these counts. The results were as follows:
 {¶ 18} Count 1: Murder of Gordon — Hung jury, no verdict;[20]
 {¶ 19} Count 2: Previously merged felonious assault on Franklin — Guilty;[21]
 {¶ 20} Count 3: Previously merged felonious assault on Franklin — Guilty;[22]
 {¶ 21} Count 5: Previously merged felonious assault on King — Guilty;[23]
 {¶ 22} Count 6: Felonious assault of King — Guilty;[24]
 {¶ 23} Count 8: Previously merged felonious assault on Ridley — Guilty;[25]
 {¶ 24} Count 9: Previously merged felonious assault on Ridley — Guilty;[26]
 {¶ 25} Count 11: Having a weapon under a disability — Guilty.[27]
 {¶ 26} If the court had not separated the previously merged counts, the remaining counts would have been count one (murder), count six (felonious assault), and count eleven (having a weapon under a disability).
 {¶ 27} At Smith's third trial, only the murder count was tried. The jury acquitted him.
 {¶ 28} Smith appealed the results of his second trial. In one assignment of error, Smith argued that the second trial court had violated his right to be free from double jeopardy when it separated the felonious-assault counts. In Smith II, this court rejected that argument.[28] The Smith II court ordered a new trial on counts five and *Page 5 
six, but the prosecution dismissed these charges rather than retrying them. The Smith II court also ordered a resentencing under State v.Foster.[29]
 {¶ 29} In March 2007, Smith was sentenced to one year in prison for the one count that had not been merged (having a weapon under a disability) and eight years on each felonious-assault count, plus three years for the gun specification on each count. The trial court merged the four specifications into one, for a total of 36 years.
 II. Assignments of Error {¶ 30} Smith now appeals from the March 2007 sentence, presenting five assignments of error for review. He argues that the trial court (1) erred by imposing sentences on counts that were void; (2) violated Smith's constitutional right to be free from double jeopardy by sentencing him on counts that had previously been merged and by sentencing him on four felonious-assault counts for harm caused to two victims; (3) violated Smith's constitutional right to due process; (4) violated Smith's constitutional right to be free from cruel and unusual punishment; and (5) erred by finding Smith guilty of having a weapon under a disability because the finding was against the manifest weight of the evidence.
 {¶ 31} Smith's first, third, fourth, and part of his second assignments of error are similar, so we address them together.
 IV. Authority to Retry Smith {¶ 32} In Smith II, this court held that "[w]here, as here, an appellate court awards a new trial on the basis that the defendant was denied the right to represent himself, the defendant stands accused as if there had been no previous trial."[30] *Page 6 
 {¶ 33} In Smith I, we determined that the first trial was not a fair trial. And after we reversed, Smith's convictions no longer existed. If the convictions ceased to exist, then the mergers no longer existed either. Whether the first trial court had merged the felonious-assault convictions was irrelevant because Smith had not been correctly convicted of any of the counts at his first trial, and the mergers disappeared when the convictions went away.
 {¶ 34} The trial court properly retried Smith on the previously merged counts in his second trial.
VIII. Having a Weapon Under a Disability Clearly Established by theEvidence
 {¶ 35} The evidence clearly showed that Smith violated R.C.2923.13(A)(2). The statute prohibits a "person * * * [who] has been convicted of any felony offense of violence" from having a gun. Smith admitted that he had a gun. And the record shows that Smith had previously been convicted of aggravated assault, a violent felony. His fifth assignment of error is thus overruled.
VIII. Two Shots, Two Victims, and Four Sentences for FeloniousAssault
 {¶ 36} Smith is in prison for feloniously assaulting Franklin and Ridley. Although there were only two acts and two victims, he is serving time for four offenses.
 {¶ 37} In Smith II, we rejected his assertion that this was a violation of his right to be free from double jeopardy,[31] and remanded the case for resentencing under Foster. But in light of the recent Ohio Supreme Court decision in State v. Cabrales,[32] we conclude that the trial court erred by sentencing Smith on four felonious-assault counts when there were only two acts and two victims. *Page 7 
 {¶ 38} In State v. Coach,[33] this court relied upon State v.Rance[34] and overturned a long series of cases that had held that R.C. 2903.11(A)(2) and 2903.11(A)(2) — the same statutes Smith was charged under — were allied offenses of similar import. This court affirmed Coach last year in State v. Payne.[35] (This author dissented in Payne.)
 {¶ 39} The Cabrales court recognized that Rance had caused "inconsistent, unreasonable, and, at times, absurd results."[36] It stated that Rance should not be interpreted as requiring the elements of offenses to exactly overlap to support a determination that two offenses are allied offenses of similar import.
 {¶ 40} The elements in the two felonious-assault subsections do not directly overlap. R.C. 2903.11(A)(1) prohibits knowingly "[c]aus[ing] serious physical harm to another." R.C. 2903.11(A)(2) prohibits knowingly "[c]aus[ing] or attempt[ing] to cause physical harm to another * * * by means of a deadly weapon." But the Cabrales court criticized appellate courts that had held that that a single act should result in two sentences simply because the elements did not exactly match.[37]
In fact, sentencing a defendant for two crimes when there was only one act and one victim is an absurd result. And because Smith caused a single harm with a single act to each of two victims, it would be absurd to insist that he could constitutionally be sentenced for four felonious assaults. If a bullet from Smith's gun had passed through one victim and had hit another person, then Smith could properly have been sentenced for two felonious assaults because there would have been two victims. But *Page 8 
because there was only one victim for each shot, Smith's felonious-assault charges involved allied offenses of similar import.
 {¶ 41} R.C. 2941.25 states, "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." After all of his trials, the only duplicative charges that remained were two felonious-assault charges each for Franklin and Ridley.
 {¶ 42} Because this appeal is a direct appeal from his March 2007 sentence, Smith's double-jeopardy argument concerning the duplicative sentences is not barred by res judicata. And the law-of-the-case doctrine does not apply where there has been an intervening decision by a superior court that is inconsistent with the law of the case.[38]
 {¶ 43} For the foregoing reasons, we affirm Smith's convictions for having a weapon under a disability and the findings of guilt on the previously merged charges. But we vacate the sentences imposed for the four felonious-assault offenses and remand this case for resentencing so that only one felonious-assault sentence is imposed for each victim.
Judgment affirmed in part, sentences vacated in part, and cause remanded.
HENDON and CUNNINGHAM, JJ., concur.
[1] State v. Smith, 1st Dist. No. C-020610, 2004-Ohio-250.
[2] State v. Smith, 168 Ohio App.3d 141, 2006-Ohio-3720,858 N.E.2d 1222.
[3] R.C. 2903.01(A).
[4] R.C. 2903.11(A)(1).
[5] R.C. 2903.11(A)(2).
[6] R.C. 2923.02(A).
[7] R.C. 2903.11(A)(1).
[8] R.C. 2903.11(A)(2).
[9] R.C. 2923.02(A).
[10] R.C. 2903.11(A)(1).
[11] R.C. 2903.11(A)(2).
[12] R.C. 2923.02(A).
[13] R.C. 2923.13(A)(2).
[14] R.C. 2903.01(A).
[15] R.C. 2923.02(A).
[16] R.C. 2903.11(A)(2).
[17] R.C. 2923.02(A).
[18] R.C. 2923.13(A)(2).
[19] Smith I, supra.
[20] R.C. 2903.02(A).
[21] R.C. 2903.11(A)(1).
[22] R.C. 2903.11(A)(2).
[23] R.C. 2903.11(A)(1).
[24] R.C. 2903.11(A)(2).
[25] R.C. 2903.11(A)(1).
[26] R.C. 2903.11(A)(2).
[27] R.C. 2923.13(A)(2).
[28] Smith II, supra, at ¶ 75.
[29] 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
[30] Smith II at ¶ 75.
[31] Smith II, at ¶ 77.
[32] State v. Cabrales, 2008-Ohio-1625.
[33] State v. Coach (May 5, 2000), 1st Dist. No. C-990349.
[34] (1999) 85 Ohio St.3d 632, 710 N.E.2d 699.
[35] 1st Dist. No. C-060437, 2007-Ohio-3310.
[36] Cabrales, supra, at ¶ 20.
[37] Id. at ¶ 16 (criticizing State v. Hendrickson, 2nd Dist. No. 19045, 2003-Ohio-611), ¶ 17 (criticizing State v. Palmer,148 Ohio App.3d 246, 2002-Ohio-3536, 772 N.E.2d 726), and ¶ 19 (criticizingState v. Cox, 4th Dist. No. 02CA751, 2003-Ohio-1935).
[38] Hopkins v. Dyer, 104 Ohio St.3d 461, 2004-Ohio-6769,820 N.E.2d 329. *Page 1