DECISION. *Page 2 
{¶ 1} Defendant-appellant Christopher Smith approached John Varvados and demanded that Varvados "hand over" anything he had. Smith made movements indicating that he had a gun hidden in his clothes. Varvados handed Smith a cellular phone and some money. Smith then approached Dennis Taylor in the same manner, making gestures to indicate that he had a gun in his clothing. Smith told Taylor to "hand over" his property. When Taylor ran into the street and yelled that he was being robbed, Smith ran off.
 {¶ 2} Cincinnati plainclothes homicide detectives driving on West Clifton Avenue noticed Smith "acting peculiar" and following a young woman. The detectives, concerned for the young woman's safety, exited from their car, approached Smith, and identified themselves as police officers. Smith pulled a gun from his waistband and fired at the officers, striking one in the knee. Smith's gun then jammed. The officers saw Smith attempt to unjam his gun and continue to fire at them. Smith fled and was later arrested hiding under a truck with a loaded, operable handgun in his possession.
 {¶ 3} Smith was charged with two counts of attempted murder, three counts of felonious assault, one count of having a weapon under a disability, one count of carrying a concealed weapon, two counts of aggravated robbery, and two counts of robbery. Various counts also included specifications that Smith had had a firearm, that he had used the firearm, and that he had discharged the firearm at police. Smith pleaded no contest to all counts and specifications. The trial court accepted Smith's pleas. Prior to sentencing, Smith moved to withdraw his no-contest pleas. The court *Page 3 
denied Smith's motion and sentenced him to an aggregate term of 85 years' incarceration.
 {¶ 4} Smith's first assignment of error alleges that the trial court erred in accepting his no-contest pleas because the trial court's failure to comply with Crim.R. 11 rendered the pleas involuntary.
 {¶ 5} Smith argues that the trial court failed to comply with Crim.R. 11(C)(2)(a) in accepting his plea of no contest to felonious assault on a peace officer in count three because the court did not inform Smith that he faced a mandatory term of imprisonment for that offense.[1]
Smith also argues that the court did not adequately inform Smith that the sentences on the gun specifications were to be served consecutively.
 {¶ 6} Crim.R. 11(C)(2)(a) provides that "[i]n felony cases the court * * * shall not accept a plea of * * * no contest without first addressing the defendant personally and * * * [determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."
 {¶ 7} When dealing with the nonconstitutional advisements under Crim.R. 11(C)(2), including the nature of the charges, the maximum possible sentence, and the eligibility of the defendant for probation or community control, the trial court need only substantially comply with the rule.[2] "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the *Page 4 
implications of his plea and the rights he is waiving."[3] A defendant who challenges his plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect.[4]
"The test is whether the plea would otherwise have been made."[5]
 {¶ 8} The Ohio Supreme Court held in State v. Nero[6] that where the circumstances indicated that Nero knew he was ineligible for probation, he was not prejudiced when the trial court accepted his guilty plea to rape without personally advising Nero that he was not eligible for probation, and that, therefore, the trial court had substantially complied with Crim.R. 11(C).
 {¶ 9} At the beginning of the plea hearing, the trial court in this case reviewed with Smith the maximum sentences on all counts, including the sentences for the firearm specifications. The court told Smith that if the court accepted the no-contest pleas and found him guilty, "[Y]ou will not be getting probation in this case, you will not be getting community control, and you will not be going home, you will be going to the state penitentiary for at least seven years." The court also informed Smith that the maximum sentence he faced was 105 years' incarceration. The plea forms that Smith signed indicated that, with the exception of count seven, all counts carried mandatory prison terms.
 {¶ 10} The record reveals that, at the plea hearing, defense counsel's position was that the sentences for the firearm specifications did not have to be served consecutively. The trial court warned Smith that the state's position was that consecutive sentences were required and that the imposition of consecutive *Page 5 
sentences on the firearm specifications would result in actual incarceration of 13 years. The trial court asked the parties to submit sentencing memoranda. The court told Smith that it would decide the issue after receiving the memoranda. The court ultimately imposed consecutive sentences for the firearm specifications.
 {¶ 11} The record shows that Smith knew that he faced mandatory prison time and that he was ineligible for community-control sanctions. Smith also knew that if the trial court accepted the state's argument, he would have to serve the sentences for the gun specifications consecutively. Smith clearly understood the implications of his pleas and the rights he was waiving. The record demonstrates no prejudice to Smith. The trial court substantially complied with Crim.R. 11(C)(2)(a). The first assignment of error is overruled.
 {¶ 12} The second assignment of error alleges that the trial court erred in refusing to allow Smith to withdraw his pleas.
 {¶ 13} A defendant does not have an absolute right to withdraw a plea before sentencing.[7] The trial court must hold a hearing to determine whether there is a reasonable and legitimate basis for withdrawing the plea.[8] The decision to grant or deny a presentence motion to withdraw a plea is within the sound discretion of the trial court and will not be reversed in the absence of an abuse of discretion.[9] In exercising its discretion, the trial court should consider all relevant factors, including (1) whether the accused has been represented by highly competent counsel; (2) whether the court, in accepting the plea, fully complied with Crim.R. 11; (3) whether the accused otherwise understood the nature of the charges and possible penalties; *Page 6 
(4) whether the accused moved to withdraw his plea within a reasonable time and with sufficient specificity; (5) whether the hearing on the motion has afforded the accused a full and fair opportunity to present his case for withdrawal; (6) whether the accused is possibly not guilty of, or can offer a complete defense to, the charges; and (9) whether allowing the accused to withdraw his plea would prejudice the state.[10]
 {¶ 14} In its entry overruling Smith's motion to withdraw his pleas, the trial court properly considered and addressed the applicable factors. The court found that Smith had been represented by competent counsel; that Smith had been fully advised of the nature of the charges and the possible penalties in accordance with Crim.R. 11; that Smith had been afforded a full hearing on the merits of the motion to withdraw his pleas; that there was no possibility that Smith was not guilty of the charges; and that Smith had not adequately demonstrated that had he gone to trial he would have been entitled to rely on the affirmative defense of self-defense for the counts involving the police officers. The record shows that the trial court gave full and fair consideration to Smith's motion to withdraw his pleas. We hold that the court did not abuse its discretion in denying Smith's motion. The second assignment of error is overruled.
 {¶ l5} Smith's third assignment of error alleges that his sentences, amounting to an aggregate term of 85 years' incarceration, constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution. *Page 7 
 {¶ 16} Generally, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment.[11]
"[R]eviewing courts should grant substantial deference to the broad authority that legislatures possess in determining the types and limits of punishments for crimes."[12] A sentence does not violate the constitutional prohibition against cruel and unusual punishment if it is not so greatly disproportionate to the offense as to shock the sense of justice of the community.[13]
 {¶ 17} Smith robbed two victims at gunpoint. He was apparently following his intended third victim when the police spotted him. Smith fired at the police officers, hitting one of them. Smith stopped firing only because his gun jammed. The officers saw Smith attempt to continue firing at them. In light of Smith's crime rampage, we hold that the sentences imposed were not so disproportionate to his offenses as to shock the community's sense of justice. The sentences imposed by the trial court fell within the ranges of permissible prison terms for the crimes that Smith committed, and the trial court had the discretion to impose them. The third assignment of error is overruled.
 {¶ 18} We note that the record contains what are clearly clerical errors on two of the trial court's entries. The indictment and Smith's written plea form list the charge in count ten as aggravated robbery in violation of R.C. 2911.01(A)(1). Specifically, the count referred to the aggravated robbery of Dennis Taylor. The transcript of the proceedings shows that Smith pleaded no contest to, was found guilty of, and was sentenced for aggravated robbery in count ten. But the trial court's *Page 8 
entry captioned "court finding on plea of no contest" and the court's entry captioned "judgment entry: sentence: incarceration" list count ten as robbery in violation of R.C. 2911.02(A)(2). Therefore, this case must be remanded to the trial court for correction of its entries to reflect a charge of, a plea of no contest to, and a guilty finding for aggravated robbery in count ten.
 {¶ 19} The fourth assignment of error, alleging that the trial court erred in failing to sentence Smith under the statutes that were in place at the time he committed his crimes, is overruled on the authority ofState v. Foster,[14] which held that the statutes requiring judicial factfinding in the imposition of sentence were unconstitutional. UnderFoster, the trial court had the discretion in this case to impose any sentence that was within the applicable statutory range.[15]
Sentencing a defendant pursuant to Foster does not violate either the constitutional ban on ex post facto and retroactive laws or the rule of lenity in statutory interpretation.[16]
 {¶ 20} The fifth assignment of error alleges that the trial court erred in failing to merge allied offenses of similar import.[17]
 {¶ 21} In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), courts are required to compare the elements of offenses.[18] "If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import."[19] Upon finding that particular crimes are allied offenses of similar *Page 9 
import, the court must review the defendant's conduct to determine whether the crimes were committed separately or with a separate animus.[20] If the court finds that the defendant committed the crimes separately or with a separate animus, he may be convicted of both offenses.[21]
 {¶ 22} Smith argues that the trial court erred in failing to merge the felonious assaults charged in counts three and four. Count three alleged that Smith had caused serious physical harm in violation of R.C.2903.11(A)(1). Count four alleged that Smith had knowingly caused or attempted to cause physical harm by means of a firearm in violation of R.C. 2903.11(A)(2). Both counts involved the same victim, the police officer shot by Smith. We hold that felonious assault in count three and felonious assault in count four, involving the same victim and the same conduct, were allied offenses of similar import.[22] Therefore, the trial court should have imposed only one felonious-assault sentence for counts three and four.[23]
 {¶ 23} Smith next argues that the trial court erred in failing to merge the aggravated robbery of Varvados in count eight with the robbery of Varvados in count nine, and the aggravated robbery of Taylor in count ten with the robbery of Taylor in count eleven.
 {¶ 24} Smith was charged in counts eight and ten with the aggravated robberies of Varvados and Taylor in violation of R.C. 2911.01(A)(1). R.C. 2911.01(A)(1) states that "no person, in attempting or committing a theft offense * * * or in fleeing immediately after the attempt or offense, shall * * * [h]ave a deadly *Page 10 
weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."
 {¶ 25} Smith was charged in counts nine and eleven with the robberies of Varvados and Taylor in violation of R.C. 2911.02(A)(2). R.C.2911.02(A)(2) provides that "no person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another."
 {¶ 26} Smith had approached each victim, had made "movements" or "gestures" to indicate that he had a gun hidden in his clothing, and had demanded that each victim "hand over" his property. Smith's conduct "indicating that he possessed a deadly weapon in committing a theft offense" constituted aggravated robbery in violation of R.C.2911.01(A)(1). The same conduct constituted "threatening to inflict physical harm on another in committing a theft offense" in violation of R.C. 2911.02(A)(2), the robbery statute.
 {¶ 27} In State v. Smith,[24] we stated that, under the clarification of the Rance[25] test set forth in State v.Cabrales,[26] it is "absurd to insist" that a defendant "could constitutionally be sentenced" for two crimes when there was only one act and one victim. In this case, Smith committed one act against Varvados and one act against Taylor. Therefore, he could have been sentenced for only one crime against each victim.[27] The trial court should have merged count eight and count nine for the purposes of sentencing. Likewise, the court should have merged for sentencing purposes counts ten and eleven. *Page 11 
 {¶ 28} Smith also argues that the trial court should have merged the attempted murders, in violation of R.C. 2923.02(A) and R.C. 2903.02, as charged in counts one and two. Counts one and two referred to the attempted murders of the two police officers. Smith argues that because he fired only one shot in the direction of both officers, he acted with one animus and therefore the counts should have merged. Smith also argues, applying the same logic, that the trial court should have merged the felonious assaults of the two police officers as charged under R.C.2903.11(A)(2) in counts four and five. Smith argues that he fired one shot; therefore, he had only one animus.
 {¶ 29} We first point out that this was not a situation where Smith fired one shot, turned, and fled. Smith attempted to continue firing at the officers even after his gun had jammed.
 {¶ 30} When an offense is defined in terms of conduct towards another, there is a dissimilar import for each person affected by the conduct.[28] Attempted murder and felonious assault each contain an element that is defined in terms of conduct towards another. Violations of statutes defined in terms of conduct towards another that involve separate victims are considered to have been committed separately.[29]
Smith caused separate risks of harm to each police officer. Therefore, he could have been found guilty of and separately sentenced for attempted murder in counts one and two, as well as felonious assault in counts four and five.[30] The fifth assignment of error is sustained in part and overruled in part. *Page 12 
 {¶ 31} The sixth assignment of error alleges that the trial court had no jurisdiction to accept Smith's no-contest pleas in the absence of a written jury waiver.
 {¶ 32} An affirmative written document is required to waive the defendant's right to a jury trial in a felony case.[31] A jury waiver in a felony case must be in writing, signed by the defendant, and made in open court.[32]
 {¶ 33} The record in this case contains three written, filed, and recorded forms, each entitled "entry withdrawing plea of not guilty and entering plea of no contest." The plea forms set forth in writing the rights that Smith was waiving by entering pleas of no contest, including the right to trial by jury. Smith's signature appears on each form. In answer to questions by the trial court, Smith acknowledged in open court that he had signed each form and that he understood the rights he was waiving. Smith specifically stated to the trial court that he understood that by pleading no contest he was waiving the right to a jury trial. We hold that the plea forms signed by Smith, acknowledged in open court, and filed in the record fulfilled the jurisdictional requirements of a valid jury waiver. The sixth assignment of error is overruled.
 {¶ 34} Smith's seventh assignment of error alleges that he was denied the effective assistance of counsel. Reversal of a conviction based upon the ineffective assistance of counsel requires a showing by the defendant that his counsel's performance was deficient and that he was prejudiced by the deficiency.[33] Judicial scrutiny of counsel's performance must be highly deferential.[34] There is a strong presumption that counsel's performance falls within the wide range of reasonable *Page 13 
professional assistance.[35] A less than perfect performance by counsel does not necessarily result in ineffective assistance.[36]
 {¶ 35} We have reviewed the record, and we hold that it does not demonstrate either deficient performance or prejudice to Smith. The seventh assignment of error is overruled.
 {¶ 36} The judgment of the trial court is affirmed as to counts one, two, five, six, and seven. The findings of guilt on counts three, four, eight, nine, ten, and eleven are affirmed. The sentences imposed for felonious assault in counts three and four, the sentences imposed for aggravated robbery and robbery in counts eight and nine, and the sentences imposed for aggravated robbery and robbery in counts ten and eleven are vacated, and this case is remanded for resentencing so that only one felonious-assault sentence is imposed for counts three and four, and so that one aggravated-robbery or robbery sentence for each victim is imposed for counts eight and nine and counts ten and eleven. The case is also remanded for correction of the trial court's entries to reflect a charge of, a plea of no contest to, and a guilty finding for aggravated robbery in count ten.
Judgment affirmed in part, sentences vacated in part, and cause remanded.
HILDEBRANDT, P. J., and CUNNINGHAM, J., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] See R.C. 2903.11(D)(1).
[2] See State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115, citing State v. Stewart (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163;State v. Yanez, 150 Ohio App.3d 510, 2002-Ohio-7076, 782 N.E.2d 146;State v. Farley, 1st Dist. No. C-0100478, 2002-Ohio-1142.
[3] See State v. Nero (1990), 56 Ohio St.3d 106, 564 N.E.2d 474.
[4] See id.
[5] See id.
[6] See id.
[7] See State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715;State v. Sykes, 1st Dist. No. C-060277, 2007-Ohio-3086; State v.Spurling, 1st Dist. No. C-060087, 2007-Ohio-858.
[8] See id.
[9] See id.
[10] See State v. Sykes, supra, citing State v. Fish (1995),104 Ohio App.3d 236, 661 N.E.2d 788.
[11] See McDougle v. Maxwell (1964), 1 Ohio St.2d 68, 203 N.E.2d 334;State v. Thomas, 1st Dist. No. C-010724, 2002-Ohio-7333.
[12] See State v. Weitbrecht, 86 Ohio St.3d 368, 1999-Ohio-113,715 N.E.2d 167.
[13] See State v. Chaffin (1972), 30 Ohio St.2d 13, 282 N.E.2d 46;State v. Barnett, 1st Dist. No. C-060950, 2007-Ohio-4599.
[14] 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
[15] See State v. Hart, 1st Dist. No. C-060686, 2007-Ohio-5740, at ¶ 65; State v. Jones, 1st Dist. No. C-060512, 2007-Ohio-5458, at ¶50.
[16] See State v. Bruce, 170 Ohio App.3d 92, 2007-Ohio-175,866 N.E.2d 44; State v. Lochett, 1st Dist. No. C-060404, 2007-Ohio-308.
[17] See R.C. 2941.25.
[18] See State v. Cabrales, 2008-Ohio-1625, syllabus, clarifyingState v. Rance (1999), 85 Ohio St.3d 632, 1999-Ohio-291,710 N.E.2d 699.
[19] See id., citing State v. Blankenship (1988), 38 Ohio St.3d 116,526 N.E.2d 816.
[20] See id.
[21] See id.; R.C. 2941.25(B).
[22] See State v. Smith, 1st Dist. No. C-070216, 2008-Ohio-2469.
[23] See id.
[24] See supra.
[25] See State v. Rance, supra.
[26] See State v. Cabrales, supra.
[27] See State v. Smith, supra.
[28] See State v. Wilson, 1st Dist. No. C-061000, 2007-Ohio-6339;State v. Dixson, 1st Dist. No. C-030227, 2004-Ohio-2575; State v.Murray, 156 Ohio App.3d 219, 2004-Ohio-654, 805 N.E.2d 156; State v.Roberts (Nov. 9, 2001), 1st Dist. No. C-000756.
[29] See id.
[30] See id.
[31] See State v. Fish, supra.
[32] See State v. Anderson, 1st Dist. No. C-070098,2007-Ohio-6218.
[33] See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.
[34] See id.; State v. Ellison, 1st Dist. No. C-050553,2006-Ohio-2620.
[35] See Strickland v. Washington, supra.
[36] See State v. Patchell, 1st Dist. No. C-050185,2005-Ohio-6822. *Page 1