The STATE of Ohio, Appellee,

v.

PACK, Appellant.

[Cite as *State v. Pack* (1996), 110 Ohio App.3d 632.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 94–C–73.

Decided April 29, 1996.

---

*Robert L. Herron,* Columbiana County Prosecuting Attorney, and *John Gamble,* Assistant Prosecuting Attorney, for appellee.

*Peter Horvath,* for appellant.

GENE DONOFRIO, Judge.

Defendant-appellant, William F. Pack, Jr., appeals his conviction for felonious assault under R.C. 2903.11(A)(2), with a firearm specification.

The evidence at trial established that, on March 11, 1994, the victim, Charles Allen, went to the home of appellant with another man, Leyman Pearson, for the purpose of buying a handgun which appellant had for sale. The evidence further established that after Pearson and appellant discussed the price of the handgun, appellant shot the gun into the floor and then into the ceiling. There was conflicting testimony as to whether appellant dry-fired the gun at Pearson. However, it was clearly established that appellant then pointed the gun at Allen while the two men were six inches to twelve inches apart. Allen testified that the gun was pointed at his chest. Allen further testified that he then pushed the gun away because he did not want to get shot. At that point, the gun went off and Allen was shot in the finger.

During the direct examination of Pearson, the following colloquy took place:

"Q. Okay. Did he point it at you specifically?

"A. Well—

"Q. —(interposing)—or was it just aimed in your direction?

"A. It wasn't out of anger, or anything like that, he wasn't saying, you know, pointing it at me to do me any bodily harm, he just was pointing it that way. Do you know what I'm saying?

"Q. Acting recklessly with it?

"A. Right. Recklessly, right."

At the close of appellee's case, appellant moved for a judgment of acquittal. During argument to the court, which took place out of the hearing of the jury, the prosecutor made the following statement:

" * * * I'm not suggesting that the defendant acted— Although I am suggesting that the defendant acted recklessly, I am suggesting that the, uh, the element of knowingly can encompass that, the defendant's conduct, while it was reckless, he was aware that his conduct might bring about a certain result. I think that that's—that is the whole case in a nut shell, and I believe that the case ought to go to the jury on that."

After appellant's motion for acquittal was overruled, counsel for appellant directed the following comments to the court:

"MR. HORVATH: —(interposing)—can I ask one thing for the record, Your Honor?

"THE COURT: Yes.

"MR. HORVATH: Or just state for the record, which is that I, uh, I'm wondering how, if this Court will tolerate me arguing culpable mental states to the jury on closing?

"THE COURT: You can argue, you can use my charge during your final argument.

"MR. HORVATH: Okay, and so, I can—you know, I have been harping on this word recklessly that has come up—

"THE COURT: —(interposing)—you may not use the word recklessly; recklessly does not apply to felonious assault, nor does it apply to negligent assault. And there is nothing in between it applies to except simple assault when there is serious physical harm, which there is no evidence of. So, you may not.

"MR. HORVATH: And that's true, of course, I agree with that, my point was in argu—in using the word recklessly is what the mental state—

"THE COURT: —(interposing)—Mr. Horvath, you may comment on the law by using my jury charge. You may not use the statutes, you may not comment

on recklessly. The two culpable mental states that I intend to charge on are knowingly and negligently.

"MR. HORVATH: Even though that word was used by the prosecution in direct examination of the—

"THE COURT: —(interposing)—That's correct, because the prosecution doesn't give the law of this case, I do. All right.

"MR. HORVATH: For the record I take exception."

The jury was subsequently instructed as to the elements of felonious assault as follows:

"Felonious assault is knowingly causing physical harm to another by means of a deadly weapon.

" * * *

"Knowingly is defined as follows; a person acts knowingly regardless of his purpose when he is aware that his conduct will probably cause a certain result, or probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

"Knowingly means that a person is aware of the existence of the facts, and that his acts will probably cause a certain result, or be of a certain nature."

In addition to the instructions of the court, the prosecutor emphasized in his closing argument that "a person acts knowingly when * * * regardless of his purpose * * * when he is aware that his conduct will probably cause a certain result."

Appellant was subsequently found guilty and sentence was imposed. Appellant then filed this timely appeal.

Appellant lists two assignments of error and has discussed them together in his brief. They are:

"1. The trial court erred in finding the defendant guilty as charged in the indictment, for the reason that there was insufficient evidence adduced at the trial in order to sustain a finding of guilty, and such a finding is against the manifest weight of the evidence.

"2. The trial court erred in allowing the prosecutor to argue, and failing to allow the defendant to rebut, a culpable mental state other than the one prescribed by statute."

In essence, appellant argues that appellee failed to prove that appellant acted with the requisite intent of "knowingly." Appellant cites Pearson's testimony that appellant was acting recklessly. In addition, appellant points to the prosecutor's argument in response to appellant's motion for acquittal, wherein he stated

that the element of "knowingly" can encompass defendant's reckless conduct. Appellant argues that a jury should be allowed to appreciate the quantitative nature of culpability and that the quoted portions of the transcript prevented the jury from appreciating and understanding the quantitative nature of culpability. Appellant argues in his brief that "the best way to get the jury to appreciate the burden of proving 'knowingly' was to get the jury to understand the term, and prosecution's use of the term, 'recklessly.'"

The culpable mental states of "knowingly" and "recklessly" are set forth in R.C. 2901.22(B) and (C):

"(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

"(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

The Legislative Service Commission Comment accompanying the enactment of R.C. 2901.22 distinguishes between "knowingly" and "recklessly" as follows:

" 'Knowledge' is cast in this section in terms of an awareness of the probability that one's conduct will cause a certain result or be of a certain nature, or that certain circumstances exist. 'Knowingly' in the new code is the same as 'knowingly' in the former law.

"A person is said to be reckless under the section when, without caring about the consequences, he obstinately disregards a known and significant possibility that his conduct is likely to cause a certain result or be of a certain nature, or that certain circumstances are likely to exist. In substance, the definition follows the definition of recklessness found in *Roszman v. Sammett,* 26 Ohio St.2d 94, 55 O.O.2d 165, 269 N.E.2d 420 (1971).

"Basing the definition of knowledge on probability and the definition of recklessness on likelihood is intentional. Something is 'probable' when there is more reason for expectation or belief than not, whereas something is 'likely' when there is merely good reason for expectation or belief."

■ A reading of the definitions of "knowingly" and "recklessly" as set forth in R.C. 2901.22(B) and (C) as well as the comment cited above leads us to conclude that while the evidence presented at trial was sufficient to support a finding of "reckless" conduct, it was insufficient to support a finding of "knowingly" as

required by R.C. 2903.11(A)(2). We thus find that appellant's conviction was against the manifest weight of the evidence and that the trial court erred by not sustaining appellant's motion for acquittal.

While we decline to adopt the holding of *State v. Chemequip Sales, Inc.* (1990), 69 Ohio App.3d 236, 590 N.E.2d 355, as a rule to be followed in all cases, we find that, under the facts of the instant case, the jury should have been instructed that proof of reckless conduct is insufficient to prove the elements of felonious assault as set forth in R.C. 2903.11(A)(2). The prosecution's reference to the word "reckless" as well as the specific facts of this case leads us to conclude that, had the jury been given the definition of "reckless" with the instruction that proof of "recklessness" is not sufficient to prove the "knowingly" standard found in R.C. 2903.11(A)(2), the result herein would have been different.

Appellant's assignments of error are with merit.

The judgment of the trial court is hereby reversed, and appellant is discharged.

*Judgment reversed.*

O'NEILL, P.J., and COX, J., concur.