OPINION *Page 2 
{¶ 1} Defendant-appellant Michael A. Shaffer appeals his conviction and sentence entered in the Muskingum County Court of Common Pleas.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 3} On or about October 13, 2005, Patrolman Shane Patterson of the South Zanesville Police Department was parked on Maysville Avenue, in the Village of South Zanesville, Ohio, and was speaking with Deputy Ryan Paisley of the Muskingum County Sheriff's Department, who was also parked in the same parking lot. While the two officers were conversing, they observed a 1992 Dodge Caravan mini van, which was traveling southbound at a speed much greater than the posted thirty-five (35) mile per hour speed limit. Officer Patterson pulled out of the lot in which he had been parked and headed southbound in pursuit of the 1992 Dodge Caravan. As he pulled onto Maysville Avenue, Officer Patterson observed the vehicle travel at a high rate of speed through the red light governing southbound traffic on Maysville Avenue at the intersection of Maysville Avenue and Lasalle Street. Officer Patterson then observed the vehicle travel at a high rate of speed through the red light governing southbound traffic on Maysville Avenue at the intersection of Maysville Avenue and West Main Street. As it did so, the Dodge van collided with a 1997 Dodge that was turning left from West Main Street onto Maysville Avenue. As the result of the collision, both occupants of the 1997 Dodge were killed. It was determined by police officers that Appellant Michael Shaffer was driving the 1992 Dodge Caravan at the time of the impact. Officers also found that Appellant *Page 3 
had consumed alcohol prior to the accident and that the 1992 Dodge Caravan was traveling approximately seventy-one (71) miles per hour just prior to impact.
 {¶ 4} These last two facts were never presented to the trial court due to the plea negotiations that led to the Defendant/appellant's change of plea.
 {¶ 5} On October 19, 2005 Appellant was indicted by the Muskingum County Grand Jury upon seven (7) separate counts, all of which arise from the two vehicle accident on October 13, 2005, in which two (2) people were killed. Those charges are:
 {¶ 6} Aggravated Vehicular Homicide, in violation of Ohio Revised Code Section 2903.06(A)(1), a felony of the second degree;
 {¶ 7} Aggravated Vehicular Homicide, in violation of Ohio Revised Code Section 2903.06(A)(2)(a), a felony of the third degree;
 {¶ 8} Aggravated Vehicular Homicide, in violation of Ohio Revised Code Section 2903.06(A)(1), a felony of the second degree;
 {¶ 9} Aggravated Vehicular Homicide, in violation of Ohio Revised Code Section 2903.06(A)(2)(a), a felony of the third degree;
 {¶ 10} Driving While Under the Influence of Drugs and/or alcohol, in violation of Ohio Revised Code Section 4511.19(A)(1), a misdemeanor of the first degree;
 {¶ 11} Driving While Under the Influence of Drugs and/or alcohol, in violation of Ohio Revised Code Section 4511.19(A)(1), a misdemeanor of the first degree;
 {¶ 12} Reckless Operation of a Motor Vehicle, in violation of Ohio Revised Code Section 4511.20, a minor misdemeanor. *Page 4 
 {¶ 13} On October 26, 2005, Appellant appeared in the Muskingum County Court of Common Pleas for arraignment and entered a general plea of "Not Guilty" to all seven (7) counts of the Indictment.
 {¶ 14} After several motions and hearings, Appellant agreed to withdraw his "not guilty plea" and enter a plea of "guilty" pursuant to a written plea agreement. Under the terms of this agreement, the State agreed to enter a Nolle Prosequi as to the more serious charges involving aggravated vehicular homicide: Counts One and Three, both felonies of the second degree and both of which allege the use of alcohol during the operation of a motor vehicle while causing the death of another.
 {¶ 15} In addition, the State agreed to enter a Nolle Prosequi upon Counts Five and Six, which allege that Appellant operated a motor vehicle while under the influence of drugs and/or alcohol.
 {¶ 16} This matter came on for the change of plea hearing on June 16, 2006. After Appellant signed the appropriate paperwork, defense counsel indicated that she was not willing to proceed because she felt that her client "was not competent." The parties then agreed that Appellant would enter the plea and that, as a part of the pre-sentence investigation, the trial court would order a competency evaluation. If that evaluation indicated Appellant was not competent, Judge Fleegle would not accept the plea. Defense counsel agreed with that proposal and Appellant proceeded to change his plea in open court pursuant to the agreement and in accordance with Ohio Rule of Criminal Procedure 11. *Page 5 
 {¶ 17} Judge Fleegle referred the matter of the competency evaluation to the Forensic Diagnostic Center of District Nine, Inc. and Dr. Denise A. Kohler was assigned to perform this evaluation.
 {¶ 18} On July 14, 2006, Dr. Kohler filed a report that concluded that Appellant was indeed competent. However, defense counsel requested leave to seek an independent evaluation. Appellant then retained Dr. Ken Tecklenburg.
 {¶ 19} On August 31, 2006, Dr. Techlenburg filed his written report of his examination of Appellant in which he stated that "Shaffer is presently capable of understanding the nature and the objectives of the legal proceedings against him, but he is not capable of assisting counsel in his own defense."
 {¶ 20} Subsequently, the State of Ohio requested leave to seek its own independent evaluation.
 {¶ 21} On December 21, 2006, the trial court presided over a hearing in which all three (3) experts testified concerning their respective examination of Appellant.
 {¶ 22} The trial court issued a decision in which it concluded that Appellant was competent at the time he entered his change of plea. The matter was then set for a sentencing hearing on February 12, 2007.
 {¶ 23} On February 12, 2007, immediately prior to the commencement of the sentencing hearing, Appellant filed a written motion to withdraw his guilty plea. The sentencing hearing was continued to allow for the State to respond.
 {¶ 24} On February 26, 2007, following a hearing which included oral arguments and testimony, the trial court denied the Motion to Withdraw Plea and proceeded to sentencing. *Page 6 
 {¶ 25} The trial court then sentenced Appellant to a stated prison term of four (4) years on Count Two and to a stated prison term of four (4) years on Count Four, said sentences to be served consecutive to one another for an aggregate prison sentence of eight (8) years. In addition, Appellant received a fine of One Hundred Fifty and 00/100ths Dollars ($150.00) on the minor misdemeanor charge and a suspension of his operator's license for a period of fifteen (15) years.
 {¶ 26} On March 30, 2007, Appellant filed his Notice of Appeal with this Court, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 27} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY ACCEPTING. APPELLANT'S PLEA OF GUILTY TO A FELONY THREE AGGRAVATED VEHICULAR HOMICIDE CHARGE THAT WAS ERRONEOUSLY PREDICATED SOLELY ON A MINOR MISDEMEANOR RECKLESS OPERATION OF A MOTOR VEHICLE CHARGE.
 {¶ 28} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT ALLOWING APPELLANT TO WITHDRAW HIS GUILTY PLEA WHEN SUCH PLEA CONTAINED AN INCORRECT STATEMENT OR INTERPRETATION OF THE LAW, AND THUS WAS NOT KNOWING, VOLUNTARY, AND INTELLIGENT AS REQUIRED BY CRIMINAL RULE 11.
 {¶ 29} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW BY ACCEPTING APPELLANT'S GUILTY PLEA TO TWO COUNTS OF R.C. § 2903.06(A)(2)(a) AS SUCH STATUTE IS UNCONSTITUTIONAL UNDER THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION. *Page 7 
 {¶ 30} "IV. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ALLOWING APPELLANT TO WITHDRAW HIS GUILTY PLEA WHEN SUCH MOTION TO WITHDRAW WAS MADE PRIOR TO SENTENCING AND FOR GOOD CAUSE SHOWN.
 {¶ 31} "V. THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT ALLOWING APPELLANT TO WITHDRAW HIS GUILTY PLEA WHEN SUCH DENIAL OF APPELLANT'S MOTION RESULTED IN A VIOLATION OF APPELLANT'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
 I. {¶ 32} In his first assignment of error, Appellant argues that it was error for the trial court to accept his plea because such was predicated on a minor misdemeanor charge. We disagree.
 {¶ 33} Appellant argues that a minor misdemeanor charge of reckless operation cannot serve as the predicate offense for a charge of aggravated vehicular homicide and therefore his plea was therefore improper.
 {¶ 34} Upon review we find Appellant's argument to be unpersuasive.
 {¶ 35} Appellant entered a plea of guilty to two counts of Aggravated Vehicular homicide, in violation of R.C. § 2903.06(2)(a), which provides:
 {¶ 36} "(A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause the death of another or the unlawful termination of another's pregnancy in any of the following ways:
 {¶ 37} "(2) In one of the following ways: *Page 8 
 {¶ 38} "(a) Recklessly;"
 {¶ 39} If this case had gone to trial, in order to find that Appellant committed aggravated vehicular homicide, the State would have had to prove beyond a reasonable doubt that Appellant recklessly caused the death of another while operating a motor vehicle. R.C. § 2903.06(A)(2).
 {¶ 40} A person acts recklessly "when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result * * *." R.C. § 2901.22(C). Thus, the State would have had to prove that Appellant, with heedless indifference to the consequences, perversely disregarded a known risk that his conduct was likely to cause the death of another. A risk is defined as a strong probability, as contrasted with a remote probability that a certain result may occur. R.C. § 2901.01(A)(7).
 {¶ 41} "`A person is said to be reckless under the section when, without caring about the consequences, he obstinately disregards a known and significant possibility that his conduct is likely to cause a certain result or be of a certain nature, or that certain circumstances are likely to exist.'" Bexley v. Selcer (1998), 129 Ohio App.3d 72, 77, quoting State v. Pack (1996), 110 Ohio App.3d 632, 636, quoting Legislative Service Commission Comment to R.C. § 2901.22.
 {¶ 42} However, in the case sub judice, Appellant, pursuant to a negotiated plea agreement, decided to enter a plea of guilty to two charges of Aggravated Vehicular Homicide charged under R.C. § 2903.06(A)(2). As such, he cannot now be heard to challenge the sufficiency of the evidence with regard to charges that he "recklessly cause[d] the death of" Gail Singer and Beverly Singer. *Page 9 
 {¶ 43} A defendant who enters a knowing, voluntary, and intelligent guilty plea waives all non-jurisdictional defects for the purpose of future proceedings. State v. Fitzpatrick, 102 Ohio St.3d 321,2004-Ohio-3167, at ¶ 78. The waiver is effective both for direct appeal and collateral attack of a conviction. See, e.g., State v.Woodhouse, 6th Dist. No. S-04-004, 2004-Ohio-6160, at ¶ 16; State v.Idowu, 1st Dist. No. C-010646, 2002-Ohio-3302, at ¶ 25-26, holding abrogated on other grounds, State v. Bush (2002), 96 Ohio St.3d 235,2002-Ohio-3993. Defendant waived his right to challenge the sufficiency of the evidence underlying his conviction by pleading guilty.
 {¶ 44} We shall address the argument as to the voluntary nature of such plea under Appellant's Assignment of Error II.
 {¶ 45} Furthermore, while it is correct that Appellant pled guilty to only those charges of two counts of third-degree aggravated vehicular homicide and reckless operation, Appellant was charged with two second-degree felony counts of aggravated vehicular assault, two third-degree felony counts of aggravated vehicular homicide, two first-degree misdemeanor counts of OMVI and one count of Reckless Operation, a minor misdemeanor. It was only as a result of the negotiated plea agreement that the State agreed to dismiss the remaining charges.
 {¶ 46} Appellant's first assignment of error is overruled.
 II. {¶ 47} In his second assignment of error, Appellant argues that the trial court should have allowed him to withdraw his guilty plea because such plea was not made knowingly, voluntarily ad intelligently. We disagree. *Page 10 
 {¶ 48} Upon review of the record, we find that Appellant has not provided this Court with a transcript of the change of plea of hearing.
 {¶ 49} An appellant is required to provide a transcript for appellate review. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384. Such is necessary because an appellant shoulders the burden of demonstrating error by reference to matters within the record. See, State v. Skaggs (1978), 53 Ohio St.2d 162, 163, 372 N.E.2d 1355.
 {¶ 50} This principle is embodied in App. R. 9(B), which states in relevant part:
 {¶ 51} "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." App. R. 9(B); see, also, Streetsboro v. Hughes (July 31, 1987), 11th Dist. No. 1741.
 {¶ 52} Where portions of the transcript necessary for the resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon. As Appellant cannot demonstrate those errors, the court has no choice but to presume the validity of the lower court's proceedings. State v. Ridgway (Feb. 1, 1999), 5th Dist. No. 1998CA00147, citing Knapp, supra.
 {¶ 53} Under the circumstances, a transcript of the proceedings is necessary for a complete review of Appellant's error that his guilty plea was not made knowingly, *Page 11 
intelligently and/or voluntarily. As Appellant has failed to provide this Court with a transcript, we must presume regularity of the proceedings below.
 {¶ 54} As to the argument that such plea was not been made voluntarily because such plea was improper based on the lack of a proper predicate offense, we find same not well-taken based upon our above holding as to same.
 {¶ 55} Appellant's second assignment of error is overruled.
 III. {¶ 56} In his third assignment of error, Appellant argues that R.C. § 2903.06(A)(2)(a) is unconstitutional. We disagree.
 {¶ 57} More specifically, Appellant argues that R.C. 2903.06(A)(2)(a) provides for a presumption of per se recklessness, based on a finding of operation of motor vehicle while under the influence of alcohol, and that such violates the presumption of innocence found in the Due Process Clause.
 {¶ 58} Initially, we note that there is a strong presumption that such statutes are constitutional. State v. Anderson (1991),57 Ohio St.3d 168, 566 N.E.2d 1224, certiorari denied (1991), 501 U.S. 1257,111 S.Ct. 2904, 115 L.Ed.2d 1067.
 {¶ 59} A presumption is "an assumption of fact that the law requires to be made from another fact or group of facts found or otherwise established in the action." Black's Law Dictionary (6 Ed.Rev.1990).
 {¶ 60} Upon review of the case sub judice, we find there is no evidentiary presumption at issue in this case. *Page 12 
 {¶ 61} In the instant case, Appellant pled guilty, pursuant to a plea agreement, to charges which contained no references of intoxication. Furthermore, Appellant did not object to the statement of the facts provided by the State of Ohio at that time.
 {¶ 62} We therefore find Appellant was not subjected to any presumptions pursuant to this negotiated plea and that his due process rights were not violated by such plea.
 {¶ 63} Appellant's third assignment of error is overruled.
 IV., V. {¶ 64} In his fourth and fifth assignments of error, Appellant argues that the trial court erred in not allowing him to withdraw his guilty plea prior to sentencing. We disagree.
 {¶ 65} Crim. R. 32.1 states as follows: "A motion to withdraw a plea of guilty or no contest may be made before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 66} Unlike the "manifest injustice" standard governing a post-sentence motion, Crim. R. 32.1 has no specific guidelines for granting a pre-sentence motion to withdraw a guilty plea. State v.Calloway, Hamilton App. No. C-040066, 2004-Ohio-5613, ¶ 11, citingState v. Xie (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715. A presentence motion to withdraw a guilty plea should be freely and liberally granted; however, the decision is left to the trial court's sound discretion. Id., citing Xie at 526.
 {¶ 67} A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.Xie, supra. The court *Page 13 
should examine whether the withdrawal of the plea will prejudice the prosecution, the timing of the motion, the reasons given for the withdrawal, the defendant's understanding of the charges and penalties, and the existence of a meritorious defense. State v. Graham, Holmes App . No. 04-CA-001, 2004-Ohio-2556, ¶ 39, citing State v. Kimbrough (March 28, 1988), Stark App. No. CA-7363, and State v. Fish (1995),104 Ohio App.3d 236, 240, 661 N.E.2d 788.
 {¶ 68} The scope of the hearing to be held on a motion to withdraw a plea should reflect the substantive merit of the motion itself.State v. McNeil (2001), 146 Ohio App.3d 173, 176.
 {¶ 69} In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we begin our analysis with the understanding that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Xie, at paragraph one of the syllabus. We then consider the following four factors set forth in State v. Peterseim (1980), 68 Ohio App.2d 211, 428 N.E.2d 863: "(1) did the trial court follow Crim. R. 11 and ensure the defendant understood his rights and voluntarily waived those rights by pleading guilty; (2) was the defendant represented by highly competent counsel; (3) was the defendant given a hearing wherein he could assert all arguments supporting his motion to withdraw the plea; and (4) did the trial court give careful consideration to the merits of the defendant's motion?" State v. Bailey, 11th Dist. No. 2004-P-0086, 2005-Ohio-6900, at ¶ 26; State v. Patt, 11th Dist. No. 2002-L-073, 2004-Ohio-2601, at ¶ 10. *Page 14 
 {¶ 70} Under the circumstances of this case, we hold the trial court sufficiently addressed Appellant's oral motion to withdraw his plea and did not abuse its discretion in denying the motion.
 {¶ 71} A review of the record reveals that the trial court did in fact hold a hearing on Appellant's motion, wherein Appellant was represented by counsel and where he had an opportunity to assert his arguments in support of his plea. At the conclusion of said hearing, the trial court reviewed the circumstances of the negotiated plea, found that the plea was not something that "came up immediately or all of sudden", that it was something that "was discussed over several hours over several days" and found that same had been made knowingly. (T. at 12-13).
 {¶ 72} Pursuant to our ruling on Assignment of Error I, we further find that Appellant's plea was not rendered involuntary based on Appellant's argument of ineffective assistance of counsel as such is based on the same argument.
 {¶ 73} Appellant's fourth and fifth assignments of error are overruled.
 {¶ 74} For the foregoing reasons, the judgment of the Court of Common Pleas of
Muskingum County, Ohio, is affirmed.
 Wise, J. Farmer, P. J., and Delaney, J., concur. *Page 15 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs assessed to Appellant. *Page 1